## LAUMAN, HEDGES & CO. V. NICHOLS *et al.*

1. APPLICABILITY OF INSTRUCTIONS.  The Supreme Court will not review the ruling of the court below refusing to give instructions which were correct as abstract propositions of law, when the entire evidence is not embraced in the record, and that portion which is presented does not show their pertinency.

2. PROMISSORY NOTES: JOINT MAKERS AS SURETIES. In an action upon a promissory note by an indorsee against the several makers thereof, any defendant may show, by way of defense, that he joined in the execution of the note as security only for one of the other makers, and that that fact was known to the plaintiff, either at the time he took the note, or before the maturity of the same, and that with this knowledge, without the consent of such sureties, and for a valuable consideration, he extended to the principal the time for the payment thereof. (*Kelley* v. *Gillespie*, 12 Iowa, 55.)

3. EVIDENCE: VARIANCE. The variance between the copy of a promissory note set out in the deposition of a witness and the note which is the cause of the action in which the deposition is taken, will not be good ground for excluding the deposition, if it is explained by evidence showing that it was intended to be a copy; and the Supreme Court will presume that such showing was made when the record does not embrace all the evidence.

*Appeal from Des Moines District Court.*

THURSDAY, OCTOBER 8.

SUIT upon a promissory note signed by all the defendants as principals, payable to " The Des Moines   County Savings Association," and assigned to plaintiffs.   Starkey and Robinson answer, admitting the execution of the note,

VOL. XV.—21

but claim that they signed the same as sureties of the defendant, Nichols; and that the plaintiffs were advised of this fact when they purchased said note; that plaintiffs, at the maturity of the note, for a valuable consideration, extended the time of payment thereof to the said Nichols, without their knowledge or consent; that shortly after such extension Nichols became insolvent, and that by such extension they claim to be released from all liability thereon. Upon this issue there was a trial, and a verdict for defendants, and plaintiffs appeal.

The errors assigned relate to the ruling of the Court in giving and refusing instructions asked, and admitting in evidence the deposition of defendant, Nichols.

*Crocker & Smyth* for the appellants.

I. The testimony admitted by the Court below and objected to, is based upon what purports to be a copy of the note. It is descriptive and should be strictly and literally proven, or the evidence relating thereto should be excluded. 1 Greenl. Ev., § 69.

II. After acquired knowledge of the relation of the parties cannot change the rights which the holder acquired under the contract of indorsement. *Manly* v. *Boycot*, 2 Ellis and Black, 46; *Farmers' and Mechanics' Bank* v. *Rathbone*, 26 Verm., 96; *Church* v. *Barlow*, 9 Pick., 547; *Commercial Bank* v. *Cunningham*, 24 Id., 275; *Nichols* v. *Parsons*, 6 N. H., 30; *Wilson* v. *Foot*, 11 Met., 285.

III. Those who have assumed the attitude of principals cannot change that position to the injury of those who have dealt with them on that footing. *Sprigg* v. *The Bank of Mount Pleasant*, 10 Pet., 257; *Fenton* v. *Pococke*, 5 Taunt., 551; *The Bank of Montgomery County* v. *Walker*, 9 S. & R., 229; *Murray* v. *Judah*, 6 Cow., 484; *Lewis* v. *Hanchman*, 2 Barr, 416; *Branch Bank* v. *James*, 9 Ala.; *Grant* v. *Fonguson*, 9 Mo., 123; *The Bank* v. *Abbott*, 28 Me., 280.

*J. C. & B. J. Hall* for the appellee, relied upon *Kelley* v. *Gillespie*, 12 Iowa, 55.

BALDWIN, Ch. J.—The questions for the jury to determine, under the pleadings and evidence, were: 1st. Did the defendants, Starkey and Robinson, sign the note as sureties? 2d. Did the plaintiffs know this fact when they extended the time of payment to Nichols? 3d. Did the plaintiffs, for a valuable consideration, make such extension without the consent of the sureties? These appear to have been the controverted points in the case in the Court below.

The instructions asked by the plaintiffs and refused by the Court, contain abstractly many true propositions of law, and if hypothecated upon a true statement of the evidence might have been given. But only a portion of the evidence is before us, and we cannot say but that they were refused as inapplicable. The instructions given by the Court in its charge to the jury, it seems to us, cover the whole of the legal propositions in the case, and if the Court was correct in its view of the law, it could with propriety refuse to give others asked. The Court, in its charge, thus directed the jury: "How are the defendants connected with the note sued on—are they connected with it as principals or as sureties? If their relationship to the note was that of sureties, the next inquiry will be, had the plaintiffs knowledge of this fact before the maturity of the note? If either of these two questions is determined by the jury in the negative, the defense set up by the defendants will have failed. If the former be determined in the affirmative, and the latter in the negative, the defense will have failed. If both are determined in the affirmative, that is, that the defendants were mere sureties, and that plaintiffs had knowledge of this fact before the maturity of the note, the jury will next inquire, whether the plaintiffs did, for a valuable consideration, extend the time of payment with-

out the knowledge and consent of the defendants. If they did, knowing before the maturity that defendants were only sureties, the sureties are not liable to pay it, if otherwise, the defendants are liable." * * * "On the face of the note the defendants all appear as principals, or as joint and several makers; this is the character they took upon them-selves on the note, and this is the character the law will hold them to, unless they show to the satisfaction of the minds of the jury that the purchaser of the note knew before its maturity that their relationship to the note was different from what it appeared to be upon its face."

This Court has, in the case of *Kelley* v. *Gillespie*, 12 Iowa, 55, recognized as correct the doctrine, that one of the joint or joint and several makers of a promissory note, may in an action at law thereon, show by evidence *aliunde* that he was surety for his co-maker, and that that fact was known to the payee; that in such action the surety may show as a defense that the payee, for a valuable considera-tion, gave further time to the principal, without his consent, and that pending such time the principal became insolvent. The instructions given by the Court, in so far as they relate to the right of Robinson and others as co-makers of the note sued on, to show their relation as sureties, and so far as they relate to the release of the co-makers by the extension by plaintiffs, as holders, to Nichols, as maker, are deemed correct under the above decision.

It is insisted upon by counsel for appellant that if the plain-tiffs took the note in controversy, without the knowledge, at the time of the taking, of the relationship of principal and surety between the makers, and as they took it, believing them all to be principals, that plaintiffs were entitled to recover; in other words, that if the plaintiffs did not know of the relationship of the makers, except as it appeared upon the face of the note, that after acquired knowledge of the fact that part of the makers were only sureties could

not compel the holder to treat them as sureties, but that he could continue to regard them in the same light as at the date of the purchase, and that the Court erred in holding otherwise. We are inclined to the opinion, and so hold, that if the holders, at any time before the maturity of the note, were advised of the true relation of the parties, and thereafter extended the time of payment to the principal under the circumstances as above stated, that the sureties are released. The principle obtains for the protection of the sureties, and the holder of such notes, knowing their relation, should avoid any act to endanger their rights; and we are unable to perceive the distinction as to when the knowledge of such relation was obtained, whether before or after the purchase, so that it was known before the extension was made. The authorities cited by counsel do not support their position, as they are not applicable to this peculiar case.

It is submitted that the Court erred in the admission of the deposition of the defendant Nichols. It appears that this evidence was introduced for the purpose of showing that the witness told plaintiffs that he was the principal and the other defendants were sureties when the same was negotia-ted. It appears that there was a variance between the description of the note as sued on and the copy of the note set out in the deposition, in relation to which the witness testified. The note declared on is made payable to the Des Moines County Savings Bank. In the copy the word "county" is omitted. The plaintiffs objected to the intro-duction of this evidence, upon the ground of a variance, and this objection was overruled. We will concede that the rule of law is, that where the testimony is descriptive, it is required that it shall literally and exactly follow the contract sued on, or the testimony relating thereto will be excluded. But should this rule be applied in this case by this Court? This evidence may have been followed by

other testimony (and it may have been done by this witness, in this same deposition, for all that appears from the record), tending to show that the copy referred to was intended to be a copy of the note sued on, and that the note sued on was the one in reference to which the plaintiffs were advised of the relation of the parties thereto. The Court may have refused to exclude the deposition because a motion to that effect was not made before the trial commenced.  It is true that the plaintiffs could have claimed, that evidence in relation to a copy of the note different from that sued was irrelevant, and should be excluded upon objections made at its introduction; but upon this question of relevancy other testimony may have been introduced, which is not before us, and we are to presume in favor of the action of the Court until it is made to appear that all the evidence is before us.

Affirmed.