CHARLES COLE v. JOSEPH J. FOX.

*Parol Evidence—Suretyship.*

In an action upon a bond where the defendant pleaded that he was a surety thereto and had given notice to the plaintiff to bring suit against the principal under ch. 232, § 1, acts 1868–'9, *parol* evidence is admissible to prove the fact of suretyship.

CIVIL ACTION commenced before a justice of the peace and tried on appeal at Spring Term, 1880, of CHATHAM Superior court, before *Seymour, J.*

The plaintiff declared upon a single bill of which the following is a copy, viz.:

"One day after date we, or either of us, promise to pay Charles Cole the just sum of one hundred and thirty six dollars for value received of him, as witness our hands and seals.                                  W. B. DORSETT, [Seal.]

March 2d, 1861.                        Jos. J. Fox, [Seal.]

It was in evidence that Jos. J. Fox was in fact only surety on said note, the money having been borrowed for Dorsett. The defendant, Fox, introduced a written notice in conformity to the provisions of the act of 1868–69, ch. 232, § 1, addressed to the plaintiff, requiring him to sue W. B. Dorsett upon the note, on which he was surety, dated March 5th, 1870, and served the same day according to the return thereon, by the sheriff of Chatham county. It was conceded that no suit had ever been brought on the note against W. B. Dorsett.

His Honor charged the jury that if they were satisfied that the defendant was a surety, and that the notice was served on the plaintiff according to the sheriff's return, the defendant was entitled to their verdict. The jury found the issues in favor of the defendant, and there was judgment according to the verdict. A motion was made for a new trial upon the ground that it was incompetent to show by parol evidence that the defendant was a surety. The motion was overruled and the plaintiff appealed.

*Messrs. Battle & Mordecai,* for plaintiff.
*Mr. John Manning,* for defendant.

ASHE, J. The record presents but one question for our consideration, and that is whether it was competent to prove by parol evidence that the defendant was surety on the note sued upon. There was no other exception taken on the trial, and we must assume that the admission of this testimony was objected to when offered, or His Honor would

have disposed of the rule for a new trial upon the ground that the objection was not made in apt time.

There has been a contrariety of opinion expressed on this subject by the courts of the different states. Some have held that parol evidence in such a case is incompetent because it contradicts or varies the terms of the instrument signed by the surety. Others hold that it does not tend to alter or vary either the terms or legal effect of the written instrument, but is simply proving a fact outside of such terms, collateral to the contract and no part of it, and that the evidence is perfectly competent in a court of law. While some others maintain that though the evidence is incompetent in a court of law, it is competent in a court of equity.

After a careful investigation of the subject we are convinced that the weight of authority sustains the principle that the evidence is competent in a court of law, and more especially in our courts, having no separate jurisdiction of law and equity, where all the rights of parties, both legal and equitable, must be adjudicated in any suit wherein they are litigated and drawn in question. So that in referring to authorities it is immaterial whether they are decisions of courts of law or equity.

*Fowler* v. *Alexander*, 1 Heiskell, (Tenn. Rep.,) 42, was a case very similar to this. There, the action was brought upon a sealed note executed by Frederick Dean and Abijah Fowler. It did not appear upon the face of the note but that both were principals. Fowler only was sued on the note. He pleaded specially, in substance, that he executed the note sued on as surety for Dean, his co-obligor, and that after the said note became due he gave notice in writing to the plaintiff requiring him to put the note in suit; and averred that he failed to do so within the time required by law, and to proceed with due diligence to collect the same, by consequence whereof he claimed to be discharged from

liability. There was a demurrer to this plea. In the court below the demurrer was sustained,. but on appeal to the supreme court the judgment of the superior court was reversed,. on the ground that the matter of the plea,. if true, was a good defence to the action. It was insisted on the part of the appellant that the fact of the suretyship should appear on the face of the note in order to entitle the surety to be discharged under the provisions of the code, 1968, but the court held "the' principle is now well settled that the fact of suretyship may be shown by parol proof in a court of law upon a question between the surety and the holder of a note."

In the case of *Creech* v. *Hedrich*, West Va. Rep., 140, it was held that one or more of a number of obligors has a right to show that he or they stand in the relation of surety on the bond, by parol testimony; and in *Burke* v. *Cruger*, 8 Texas Rep.,, 66, WHEELER, J., said, "it is immaterial what may be the form of the instrument, whether a simple contract in writing or a specialty, and though all appear upon the instrument as principals, in equity parol evidence is admissible to prove that one or more of the joint-makers or co obligors signed the instrument in the character of surety;" and in support of his decision cited Burge on Suretyship, 212, 1 Am. Ed.; 3 Texas, 215, for the principle that "in equity parol evidence is admissible to show who is principal and who is surety."

JOHNSON, J., in giving the opinion of the court in the case of *Smith* v. *Tunno*, 1 McCord, 451, said : "I take the principle to be that the relationship which subsists between the joint-obligors is a matter wholly extrinsic of the written contract, and may therefore be proved by parol, without any violation of the rule which prohibits the introduction of parol evidence to contradict or vary a written agreement."

And again in *Scott* v. *Baily*, 2 Jones, (Missouri Rep.) 140, the court held : "There cannot be a necessity for this court

again to assert that parol proof is perfectly admissible to show that a co-obligor in a note or bond is a surety for the principal obligor therein." To the same effect is Brandt on Suretyship and Guaranty, §§ 17 and 18, where the doctrine is fully discussed and the authorities on both sides of the question cited. Also 1 Parsons on Bills, 294.

We are of the opinion the evidence was competent for the purpose for which it was offered. Whether the notice given by the defendant to the plaintiff under the act of 1868–'69, ch. 232, § 1, was sufficient, or whether the plaintiff, at the time of the service of the notice, had such knowledge of the fact of the suretyship of the defendant as in law or equity would discharge him from liability, on the failure of the plaintiff to comply with the requirements of the notice, are questions we have not considered because they are not raised by any exceptions on the trial. We have dealt with the only exception taken, viz : was parol evidence competent to prove that Fox, the defendant, was a surety, and we hold that it was, and that there is no error in the ruling of His Honor in discharging the rule for a new trial. The judgment of the court below is affirmed.

No error.                                    Affirmed.