## H. M. GOODMAN v. W. N. LITAKER.

*Surety and Principal—Defence of Suretyship.*

Where the defence set up is that the party sued is only a surety and the fact of his suretyship does not appear from the instrument signed by him, he must in order to derive any advantage therefrom, prove that the creditor had knowledge of the suretyship.

(*Welfare* v. *Thompson*, 83 N. C., 276, ; *Cole* v. *Fox*, Ib., 463, cited and approved.)

CIVIL ACTION tried at Fall Term, 1880, of CABARRUS Superior Court, before *Seymour, J.*

On the 23d day of Sept., 1873, one J. L. Litaker and the defendant executed and delivered to the plaintiff a bond of which the following is a copy: "Three months after date with in-

terest at eight per cent., we promise to pay to H. M. Good-
man or order, one hundred dollars for value received."
(Signed and sealed by J. L. and W. N. Litaker.) The action
was brought in a justice's court on the 5th day of January,
1880, against the defendant alone, the other maker being
dead, and what the defence relied on was that the defendant
was only a surety on the bond and the statute of limitations.
The plaintiff recovered judgment and the defendant appeal-
ed to the superior court, and on the trial in that court it ap-
peared that there were two payments endorsed on the bond
—one dated January 1st, 1879, for $20.25, and the other dated
January 1st, 1880, for $15.60. After hearing the evidence
the presiding judge made the following findings, a jury be-
ing waived: 1. That the defendant did not make the pay-
ments credited on the bond, but the same were made by the
other maker of the bond. 2. There was no agreement or
understanding between the plaintiff and defendant, that the
defendant was to be a surety, but that such agreement was
only between the two makers of the bond, and was not com-
municated to the plaintiff. And being of opinion with the
plaintiff, the court gave judgment against the defendant,
from which he appealed.

*Mr. W. H. Bailey,* for plaintiff.
No counsel *contra.*

RUFFIN, J. In the view we take of the case, it is not nec-
essary that we should inquire how the defendant was af-
fected, if at all, by the payments made by his co-obligor on
the bond. Nor do we propose to discuss the correctness of
the decision of this court in the case of *Welfare* v. *Thomp-
son,* 83 N. C., 276. For be these matters as they may, it is
our conclusion that the ruling of His Honor was a proper
one.
We find the authorities somewhat divided upon the point

as to whether a joint maker of a note may for any purpose be shown by parol to be but a surety, when that fact does not appear on the face of the instrument. But the weight of authority and analogy seem inclined to the opinion that he may; but all, even those who go the farthest in upholding this right of the surety, concur in saying in the most emphatic terms, that before the party thus seeking to set up his new relationship can derive any benefit therefrom, he must first bring home to his creditor a knowledge of its existence.

The very recent work of Brandt on the law of Suretyship and Guaranty, at section 20, thus states the rule: "Where a surety sets up claims depending on that relation and the fact of suretyship does not appear from the instrument signed by him, he must in order to sustain such claims prove that the creditor had knowledge of the suretyship." And in support of the proposition, he cites a very large number of decisions rendered in the highest courts of the several states. To the same effect is the decision of the supreme court of Massachusetts in the case of *Wilson* v. *Foot*, 11 Metc., 285. In the trial of the case of *Manley* v. *Boycott*, 75 E. C. L. Rep., 45, when counsel was urging upon the court the right of the maker of a promissory note to show that he signed the instrument as surety only, Lord Campbell interposed the remark *that it must be shown that the note was so made with the knowledge of the payee; that allegation is indispensable.* Such a conclusion seems not only to address itself to our reason, but to be eminently just; and especially so under a system which like our own prescribes different periods for the protection of principals and sureties.

Between the makers themselves the relation of principal and surety subsists, and out of it arise duties that the law will enforce, and rights which the law will protect. It will not allow even the creditor, after a knowledge of the existence of their rights is brought home to him, to do aught to

impair them.   But this is not upon the ground that they entered into and made a part of his contract with the parties, for how could they, when he was ignorant of the very existence of the relation out of which they grew ? but upon a distinct and independent principle of equity altogether, that he must do nothing to lessen the security or impair the rights of the surety against his principal, after being fixed with a knowledge of such rights.   And it matters not when this knowledge reaches him, whether at the time of the execution of the original contract, or at any time subsequently thereto. Among the rights of the surety so protected, is the one of having the debt paid so as to terminate his liability ; and if with a view to having this done, he gives his creditor notice of his real standing in the matter, and demands that such steps shall be taken to enforce collection as the law authorizes him to insist upon, then the creditor is bound to comply, and a failure to do so is at his peril ; and in order thus to fix the creditor with notice and raise this equity for the surety, parol evidence is competent.   This we understand to be the extent of the decision rendered in *Cole* v. *Fox,* 83 N. C., 463.   In this case now under consideration, there is no such point made for the defendant, and no pretence that the creditor ever had any notice of his claim to be treated as surety.

We therefore hold there is no error in the judgment of the court below.

No error.                                                    Affirmed.