P. M. TORRENCE v. J. P. ALEXANDER.

*Surety and Principal—Statute of Limitations.*

Where the surety to a sealed note relies for his defence upon the statute of limitations, proof that he was surety is not of itself sufficient; but he must also show that the creditor had knowledge of such suretyship,

where the same does not appear on the face of the instrument. *Goodman* v. *Litaker*, 84 N. C., 8, approved.

(*Goodman* v. *Litaker*, 84 N. C., 8; *Welfare* v. *Thompson*, 83 N. C., 276, cited and approved.)

CIVIL ACTION tried at Spring Term, 1881, of MECKLEN-BURG Superior Court, before *Eure, J.*

The action was brought by the plaintiff against the defendants to recover the amount due upon a bond of which the following is a copy: One day from date we or either of us promise to pay P. M. Torrence, executor of C. L. Torrence, three hundred and fifteen 45-100 dollars for value received. May 15th, 1872. (Signed and sealed by J. P. Alexander and John W. Moore.)

The plaintiff alleged that no part of the same had been paid except the sum of twenty-five dollars credited on the note on the day of its date; fifty dollars September the 23rd, 1872; and thirty dollars on the 7th day of January, 1874.

The defendant, Alexander, answered, and stated that the payment made by him and credited on the day of the date of the bond was fifty dollars; and for a counterclaim stated that he was the holder and owner of a note for one hundred and ninety-six 24-100 dollars given by the plaintiff to one R. F. Davidson.

The defendant, Moore, in his answer stated that he was surety for his co-defendant, J. P. Alexander, on the note described in the complaint; that the note was given by his co-defendant for the purchase of a tract of land in which he had no interest except that he had become surety on the note for the purchase money; that he had no knowledge whatever of the payment alleged to have been made on the note, and that the alleged cause of action did not accrue against him within three years prior to the institution of this suit, and he pleads the statute of limitations in bar of the same.

The plaintiff demurred to the counterclaim and assigned the following grounds: 1. That the debt upon which this action is brought and the debt which is the subject of the counterclaim, do not exist and were not contracted in the same right. 2. That the debt mentioned in the counterclaim cannot be asserted as a counterclaim against the debt sued on, which constitutes a part of the assets of the testator's estate, and when collected must be distributed to the creditors according to the dignity and priority of their claims.

The following issues were submitted to the jury:.

1. Was there a payment made by defendant, J. P. Alexander, of fifty dollars prior to 23rd September, 1872?

2. Was defendant, John W. Moore, a surety to the note in suit?

The defendant Alexander testified that the note was given by him to the plaintiff in settlement for a tract of land purchased by him from the plaintiff, and that his co-defendant Moore was surety on the note. The jury responded in the affirmative to both issues.

His Honor sustained the demurrer and gave judgment in favor of the plaintiff against Alexander for the amount of the note and interest, and judgment in favor of the defendant Moore. From which judgment the plaintiff appealed.

*Messrs. Burwell & Walker*, for plaintiff.
*Messrs. Jones & Johnston*, for defendants.

ASHE, J. The only question presented by this record for our consideration is, whether there was error in the judgment pronounced by His Honor? We think there was. The defendant pleaded the statute of limitations and to avail himself of that defence, he proved that he was surety on the sealed note sued on. But that is not sufficient to make out such a defence to an action on a sealed note, where it does

not appear upon the face of the instrument otherwise than that the obligors are all principals.

The case of *Goodman* v. *Litaker*, 84 N. C., 8, was very like this case. The defendant there pleaded, as here, that he was only surety, and the statute of limitations; and as in this case were payments made by the defendant's co-obligor upon the bond in suit, within ten years after the date of the bond. It was held in that case that where the defence set up is, that the party sued is only a surety and the fact of his suretyship does not appear from the instrument signed by him, he must, in order to derive any advantage therefrom, prove that the creditor had knowledge of the suretyship. See also *Welfare* v. *Thompson*, 83 N. C., 276.

The defendant in this case stopped short with his proof. The defence of being surety cannot avail him under the circumstances of the case. There should have been another issue submitted to the jury to the effect : " Did the plaintiff know that the defendant Moore was only surety to the bond ? " Without such an issue and. a finding upon it by the jury in the affirmative, it was error in the court to pronounce a judgment in favor of the defendant Moore.

There is error. Let this be certified to the superior court of Mecklenburg county that a *venire de novo* may be awarded to the plaintiff.

Error.                                              *Venire de novo.*