R. J. LEWIS v. W. W. LONG.

*Negotiable Bond, Endorsee After Maturity—Evidence, Oral, to Explain Written Contract.*

Although two obligors appear on the face of a negotiable bond to be joint principals, yet, if the obligee had notice that one was a surety, that fact can be shown by oral evidence, as against the obligee; but if the obligee endorse the bond before maturity to A, who has no notice, and he in turn endorses the paper to B, *after maturity*, who takes for value and without notice, the fact that one of the obligors was a surety cannot be shown as against B.

CIVIL ACTION, tried before *Graves, J.*, at Spring Term, 1888, of HALIFAX Superior Court.

The case was submitted upon the following case agreed:

This is a civil action, commenced before a Justice of the Peace, on the 2d day of April, 1888, and upon judgment in favor of the plaintiff, the defendant, W. W. Long, appeals to the Superior Court

The action is brought upon a note, under seal, which is as follows:

"$100.00.   On or before the 1st day of November, 1883, we, or either of us, promise to pay to J. M. Grizzard or order, the sum of one hundred dollars, for value received. Witness our hands and seals, this 9th day of June, 1883.

                              "AARON PRESCOTT [Seal].
                              "W. W. LONG     [Seal]."

The said note was endorsed by J. M. Grizzard, for value, to one Mrs. Alice M. Cooper, and by her endorsed and transferred, for value, after maturity, to the plaintiff. The defendant Prescott was principal to the note, and the defendant Long was surety thereto.

This was known to J. M. Grizzard, the original payee, but was not known to the plaintiff. More than three years have accrued from the maturity of the note to bringing of this action.

The plaintiff bought the note for value, believing both Prescott and Long were principals, and jointly responsible.

Upon the case agreed the Court gave this judgment:

"This cause coming on to be heard upon the case agreed between the plaintiff and defendant, and being heard before his Honor, Judge Graves, now, on motion of Mullen & Daniel, attorneys for the defendant, it is ordered and adjudged, that the plaintiff recover nothing of the defendant W. W. Long, and that he go without day and recover his costs."

The plaintiff appealed.

*Messrs. E. T. Clark* and *Batchelor & Devereux,* for plaintiff.
*Messrs. J. N. Mullen* and *W. E. Daniel,* for the defendant

SHEPHERD, J. Whether a joint promisor may show by parol that he signed only as surety, has been the subject of conflicting decisions, both in England America. That he can do so in this State, where the payee has notice, is well settled. *Capell* v. *Long,* 84 N. C.. 16; *Goodman* v. *Litaker,* 84 N. C., 8; *Welfare* v. *Thompson,* 83 N. C., 276.

But such a defence cannot be made against a *bona fide* holder without notice. Randolph Com. Paper, § 907; Daniel Neg. Inst., § 1338; Edwards' Bills and Notes, vol. 2, 692; *Goodman* v. *Litaker, supra.*

The note sued upon was under seal, but was *endorsed,* and is "to be regarded, so far as its negotiability is concerned, and its liability to be governed by the commercial law applicable to promissory notes, as if it were a promissory note not under seal." *Miller* v. *Tharel,* 75 N. C., 150; *Spence* v. *Tapscott,* 93 N. C., 246.

It was endorsed to Mrs. Cooper, and the law presumes that she took " it for value and before dishonor, in the regular course of business." *Tredwell* v. *Blount*, 86 N. C., 33.

Mrs. Cooper being a *bona fide* holder, and, having no notice, would have been unaffected by the defence relied upon in this action. Does the fact that the plaintiff purchased from her *after maturity* (but without notice) put him in a worse position than that occupied by his assignor? Very clearly it does not. Mr. Randolph (*supra*), section 987, says: " So a purchaser after maturity from a *bona fide* holder, who took the paper for value, before maturity, is entitled as a *bona fide* holder, before maturity, to the rights of his endorser."

To the same effect is Edwards, *supra*, vol. 2, 692, note; Daniel, *supra*, § 589.

The cases of *Harris* v. *Burwell*, 65 N. C., 586, and *Capell* v. *Long*, *supra*, cited by the defendants, do not conflict with this view. In the former case the plaintiff purchased the note after maturity, and, therefore, took it subject to the defence of " set-off," which the maker had against his assignor at the time of the assignment. In Capell's case the payee had notice, and assigned after maturity. In both of these cases, it was held that the purchasers took subject to any defence which existed against their assignors. In our case, as we have seen, *no defence* existed against Mrs. Cooper, the plaintiff's assignor, and it is, therefore, clearly distinguishable.

Error.                                        Reversed.