MATT LEITHAUSER *vs.* WILLIAM BAUMEISTER and another, impleaded, etc.

August 24, 1891.

Agreement between Partners that One of them shall Pay Firm Debt —Firm Note Given without Consent of Others — Discharge of such Others.—A member of a partnership, who has obligated himself by contract with his copartners to personally pay a partnership debt, has no authority, by virtue of the partnership relation, to give a partnership note therefor; and if the creditor knowing such facts accepts such a note, extending the time for payment, he thereby discharges the partners not consenting thereto, they having the rights of sureties.

Same—Findings—Evidence.—Findings of fact *held* to be contrary to the evidence.

Appeal by defendants Baumeister and Bernard Naegeler (impleaded with John Comes) from an order of the municipal court of St. Paul, denying their motion for a new trial after trial by the court and judgment of $280, with interest at 7 per cent. per annum from November 1, 1887, ordered against the defendants and each of them.

*A. G. Briggs*, for appellants.

*F. W. Zollman*, for respondent.

DICKINSON, J. Prior to November 30, 1887, the three defendants were copartners, engaged in business under the name of John Comes

& Co., and as such copartners they were indebted to a partnership firm, (Matt Leithauser & Co.,) to whose rights the plaintiff has succeeded, in the sum of $280. The partnership was dissolved at the time above stated. This action is to recover on that indebtedness. The defendants, Naegler and Baumeister, plead in defence that, by a contract between the defendants at the time of the dissolution, Comes became obligated to pay this debt; that after the dissolution Comes formed another partnership with one Schneider, under the same partnership name as that of the former firm, John Comes & Co., all of which, as is alleged, was known to the plaintiff; and that he accepted from Comes a promissory note of the new firm, signed in its partnership name, payable 90 days thereafter, in satisfaction of the indebtedness of the defendants.

The court found in general terms that, except as to the allegation of the dissolution of the defendants' partnership, the allegations of the answer were not proved. This finding was erroneous in some particulars, and it cannot be said that the erroneous conclusion may not have affected the decision of the case. The evidence conclusively showed, and without dispute, not only that the partnership of the defendants had been dissolved when (as the fact is admitted to have been) the plaintiff, in February, 1888, took from Comes a note, signed in the partnership name of that firm, for the amount of the debt, payable 90 days after date, with interest at the rate of 8 per cent. per annum, but that a settlement had been made between the copartners, and an agreement entered into, which, as between themselves, obligated Comes to pay this partnership debt to the plaintiff. Moreover, the evidence on the part of the defendants (appellants) went to show that the plaintiff had been informed of this fact, and this is not really controverted in the evidence on the part of the plaintiff. On the contrary, he admits in his testimony that he "knew of the settlement they had," but did not know of the dissolution of the partnership. He admits that "Comes gave the note in the partnership name, because he said he did not want to stand by his agreement with the other parties, because they did not stand by theirs. * * * He did not want to pay this claim all by himself, because they didn't live up to their agreement." We think that the case

showed, contrary to the finding of the court, both that Comes had assumed the obligation, as respects the other defendants, of paying this debt, and that the plaintiff was informed of it when he took from Comes the note, in form expressing the obligation of the partnership, payable at a future day, at a rate of interest in excess of what the law would allow in the absence of express agreement. These facts are material. While such an agreement between the joint debtors, to which the plaintiff was not a party, could not prejudice him or affect his right of action against them all, yet it would affect the rights of the parties growing out of any new contract which he, having knowledge of such agreement between the defendants, might thereafter make with one of them. When Comes took upon himself the legal obligation of the defendants to pay this debt, they occupied towards him the position of sureties; and the creditor, knowing the fact, should not be allowed to make a new contract extending the time for payment, without their consent. *Millerd* v. *Thorn*, 56 N. Y. 402; *Smith* v. *Shelden*, 35 Mich. 42; *Oakeley* v. *Pasheller*, 10 Bligh, (N. S.) 548, 589.

If the plaintiff knew that Comes had thus assumed the payment of this debt, he must be deemed to have known that the mere general partnership relation which he may have supposed to be still existing did not authorize Comes to give the note of the partnership for a debt which it had become his own personal obligation to pay. While the note, taken under those circumstances, would not be obligatory on the other defendants, it would be enforceable against Comes, and would be effectual, as between the plaintiff and Comes, as a new contract, to extend the time for the payment of the debt,—*Wheaton* v. *Wheeler*, 27 Minn. 464, (8 N. W. Rep. 599;)—and that would release the other defendants, (see authorities above cited,) even though there be no proof as to what, if any, injury the sureties may have suffered,—*Rees* v. *Berrington*, 2 Ves. Jr. 540; *Miller* v. *McCan*, 7 Paige, 451; *Calvo* v. *Davies*, 73 N. Y. 211, 216. It may be that if the plaintiff had not known of the agreement between the defendants, and if he could be deemed to have supposed that the note was rightfully given as the note of the partnership, the result would have been different. *Agnew* v. *Merritt*, 10 Minn. 242, (308.)

The finding of the court being, as we consider, erroneous in the particulars above stated, a new trial must be granted.

We observe a variance between the proof and the answer, in that the note given appears to have been intended to express the obligation of the defendants' former partnership, and not, as alleged, the obligation of a new partnership, of which Comes and Schneider were members. There was no evidence of the existence of any such partnership. It is not claimed that this variance is material, and probably it was not. It is only adverted to here so that any doubt concerning it may be avoided if thought necessary.

Order reversed.