C. L. COFFEY v. R. P. REINHARDT.

*Surety—Purchaser of Note Without Notice of Suretyship—Effect of Notice Subsequently Acquired—Statute of Limitations.*

1. The lapse of three years protects the surety on a sealed instrument.
2. Although a bond is joint and several on its face the suretyship of an obligor may be shown by parol, but to obtain protection by the lapse of three years the surety must show that his relation was known to the creditor.
3. If the suretyship of the surety is known to the original payee and the note be assigned after maturity the surety will be protected by the lapse of three years after maturity, although the assignee takes without notice; otherwise if the note be assigned before maturity to one without notice.
4. If the purchaser of a note before maturity, for value and without notice, subsequently receives notice that a party thereto is a surety and delays action for three years after maturity the surety will be protected by the three years' statute of limitations.

SHEPHERD, C. J., dissents, *arguendo.*

CIVIL ACTION, tried before *Boykin, J.,* and a jury, at January Special Term, 1894, of CALDWELL Superior Court.

The defendant W. P. Reinhardt testified that he signed the two notes hereinafter set out as surety, and his evidence was not contradicted.

The plaintiff testified that at the time he became the owner of the said notes he had no knowledge or notice that said W. P. Reinhardt was surety thereon. He testified that he purchased said notes before their maturity and for full value; that some time before suit was brought (the exact time not fixed by the evidence) from certain conversations with the defendants he suspected, but did not know, that W. P. Reinhardt was surety, and in December, 1892,

addressed a letter to W. P. Reinhardt, in which this line occurs: "I hold a note on you as surety to R. P. Reinhardt." The notes are as follows:

"On or before April, 1883, we promise to pay Azor Shell, Jr., two hundred dollars for value received, with interest from date, this March 25, 1882.

"R. P. REINHARDT, [Seal.]

"W. P. REINHARDT, [Seal.]

"Witness: J. H. BURNS."

The other note was similar in form, but dated March 23, 1882, and was due in November, 1883.

There were divers credits on said notes, the last being dated March 1, 1889.

The defendant W. P. Reinhardt requested the Court to charge the jury: "If the plaintiff knew that the defendant W. P. Reinhardt signed the notes as surety at any time more than three years before the bringing of this action he could not recover as against him."

The Court declined to so charge, and the defendant excepted.

There was a verdict for the plaintiff, and from the judgment thereon defendant W. P. Reinhardt appealed.

Motion by W. P. Reinhardt for a new trial; motion refused.

*Mr. M. L. McCorkle*, for defendant (appellant).
No counsel *contra*.

CLARK, J.: The lapse of three years protects the surety on a sealed instrument. *Welfare* v. *Thompson*, 83 N. C., 276. Although the bond is joint and several on its face it can be shown by parol that a party thereto is a surety.

*The Code*, §2100; Brandt on Surety, sections 29 and 30. When the suretyship does not appear upon the face of the bond the surety must show that it was known to the creditor to obtain protection by the lapse of three years. *Goodman* v. *Litaker*, 84 N. C., 8; *Torrence* v. *Alexander*, 85 N. C., 143. When the suretyship is known to the original payee the surety is protected by the lapse of three years if the note is assigned after maturity, although the assignee takes without notice. *Capell* v. *Long*, 84 N. C., 17. Otherwise if it is assigned before maturity to one who takes without notice. *Lewis* v. *Long*, 102 N. C., 206.

This sums up the direct authorities in this State. In the present case it is not controverted that the defendant is in fact surety on the bond, and that it was assigned to the plaintiff before maturity for value and without notice. Nothing else appearing, the plaintiff was entitled to recover. *Lewis* v. *Long, supra* But the Court was asked to charge that if the plaintiff received notice after assignment that the defendant was surety and notwithstanding delayed more than three years after maturity and after such notice to bring suit the surety is protected. In refusing so to charge there was error.

Whatever the form of the bond one who is in fact a surety thereon is protected by the lapse of three years after maturity. The exception is when the payee has no notice of the suretyship or assigns the bond before maturity and for value to one who takes without notice of the suretyship. Here the plaintiff, after maturity of the bond, received notice that defendant was surety, yet failed for more than three years to bring action. The reason that the surety would not be protected by the lapse of three years, to-wit, that the holder of the bond was not put on his guard to collect in that time because he did not have notice of the suretyship, or assigned it before maturity to one who took

for value and without notice, no longer applies. *Ratione cessante, cessat et lex.* A somewhat similar case is where the holder or assignee of the instrument takes it without notice of the suretyship, but after learning that fact gives time to the principal. This releases the surety. 1 Brandt on Suretyship, section 32; *Luman.* v. *Nichols*, 15 Iowa, 161; *Wheat* v. *Kendall*, 6 N. H., 504; *Overand, Gurney & Co.* v. *Oriental Financial Corporation*, 7 English and Irish Appeal Cases, 348.

It is true the surety could give the holder written notice *quia timet* to bring suit under *The Code*, sections 2097, 2098, and if the holder does not do so within thirty days the surety would be released. *Cole* v. *Fox*, 83 N. C., 463. But here the holder merely has verbal notice, not a *quia timet*, of the suretyship. The plaintiff, fixed with the knowledge of that fact, delays for more than three years to sue. By reason of such laches such surety is protected by the lapse of three years.                                    Error.

SHEPHERD, C. J., dissenting: I know of no statute which repeals the well-settled principle that a purchaser, after maturity or with notice, from one who purchased before maturity and without notice, is fully protected against any defences existing between the maker and payee of a negotiable bond or note. See *Lewis* v. *Long*, 102 N. C., 206, and the authorities cited. The indorsement made under such circumstances fixes the rights of the parties, and in the absence of additional legislation I am unable to see how the action is barred by the statute of limitations. It is true that under our statute or by suit *quia timet* the holder might have been compelled to sue the principal, but the bare fact that a *bona fide* holder discovers the relationship of the parties subsequently to the indorsement cannot, in my opinion, put in operation the statute of limitations. No

authority, I think, can be found for the position, and I am not prepared to give my sanction to so radical a change in what I believe to be a well-established principle in the law of negotiable paper.