NANNIE L. CAUSEY v. W. H. SNOW et al.

(Decided March 15, 1898.)

*Action on Note—Demand Note—Statute of Limitations —Estoppel.*

1. A note payable on demand is due on the day of its date.

2. The purchaser of a note after its maturity takes it subject to all defences available against it in the hands of the payee.

3. Where a married woman takes a note after maturity, her coverture does not stop the running of the statute of limitations.

4. Where commissioners of a court having a fund in their hands from the sale of property ordered to be sold, lend it and take a note therefor, the note is not a fund in the hands of the court so as to enable the court to order its payment, and, hence, is not protected against the running of the statute of limitations.

5. Where, in a creditor's bill against an insolvent corporation to wind up its affairs, the court directed that S, to whom had been assigned a bid on property sold by the commissioners of the court, and who had paid the money into court and received a deed, should be loaned the money on proper security, and a final decree was afterwards rendered under which a creditor received a note taken by the commissioners for the money and signed by S and others. *Held*, in an action on the note, that S, not being a party to the action, was not estopped by the order or decree from showing that he signed the note as security for another party to whom the money was loaned.

CIVIL ACTION tried before *McIver, J.*, and a jury at July, 1897, Special Term of GUILFORD Superior Court. The facts appear in the opinion. There was a verdict for the defendant, and plaintiff appealed.

*Messrs. J. A. Barringer, L. M. Scott* and *Shaw & Scales* for plaintiff (appellant.)
*Mr. R. R. King* for defendant.

MONTGOMERY, J.: An action was commenced by the plaintiff, a married woman, for herself and other creditors against the Willow Brook Manufacturing Company and others in the nature of a creditor's bill to wind up the affairs of the corporation, at February Term, 1886, of Guilford Superior Court. On the 15th of April following, J. A. Barringer and R. R. King were appointed commissioners to sell the real and personal property of the company, and at February Term, 1887, of the Superior Court an order was made in the following words: " Whereas E. A. Snow has had the bid of Dr. J. J. Cox on the cottage sold by Barringer and King, commissioners, assigned to him, and has paid the money into court and received a deed therefor, and whereas said Snow is willing to pay 6 per cent. interest on the money: It is now ordered that Messrs. King and Barringer, commissioners aforesaid, loan to said E. A. Snow the sum of his bid and take such security as they may see fit."

On the 21st of March following a sealed promissory note was executed to the commissioners, Barringer and King, by W. H. Snow, E. A. Snow, O. S. Causey and Ellwood Cox for the sum of $600, payable on demand. Six hundred dollars was the amount bid by Dr. Cox for the cottage sold by the commissioners.

The present action, commenced on the 10th August, 1893, is upon that note, the same being the property of

the plaintiff. Judgment has been · had against the defendants, W. H. Snow and O. H. Causey. The defendants, E. A. Snow and Ellwood Cox, admitted the execution of the note, but set up as a defence that they executed it as surety, and that the payees, Barringer and King, commissioners, knew of that fact at the time of its execution, and that the three years statute of limitations was a bar to the action. The plaintiff replied that E. A. Snow was estopped by the decree of February Term, 1887, and also by the final decree made in 1889 in the action of *Causey* v. *Willow Brook Manufacturing Company* from denying that he executed the note as principal. Under the objection of the plaintiff, testimony was received on the trial tending to prove that W. H. Snow was the principal debtor, that Cox and E. A. Snow were sureties and received no part of the money, and that the commissioners, Barringer and King, knew these facts at the time of the execution and delivery of the note.

His Honor refused upon the request of the plaintiff to instruct the jury as follows: " When a note is passed by delivery (or transfer) the law presumes it was transferred before maturity of the note; and this being so, the plaintiff being a holder for value, which is not denied, whether before or after maturity, and without notice of the fact, alleged that E. A. Snow and Cox signed as sureties, even if they did so sign, is not affected by such proof, and is entitled to recover in this action against said Snow and Cox. *Lewis* v. *Long*, 102 N. C., 206. That the note having been made to King and Barringer, as commissioners, under the order of the court to loan the fund under the charge of the court, the statute of limitations does not run against the same in the hands of the plaintiff. That the defendant, E. A. Snow, is

estopped by the record introduced in the case of *Causey*
v. *Willow Brook Manufacturing Company* from denying
that he is principal in the note sued on."

The Court committed no error in its refusal to give the
instructions prayed for.   The note was payable to the
commissioners *on demand* and was due, therefore, on the
day of its date, March 21st, 1887, and the statute began
to run at once.   *Caldwell* v. *Rodman*, 50 N. C., 139;
*Ervin* v. *Brooks*, 111 N. C., 358.   The plaintiff, there-
fore, having received the note after its maturity took it
subject to all defences and infirmities to which it was
open in the hands of the payees.   The statute of limi-
tations had begun to run before she received it and her
coverture did not stop it.

The facts in this case are very different from those in
the case of *Lewis* v. *Long*, 102 N. C., 206, to which our
attention was called by the plaintiff's counsel.   In that
case it did not appear *when* the payee endorsed the note,
and the presumption of law was that the endorsee took
it for value and before dishonor in the regular course of
business.   The endorsee, there, had no notice of the
suretyship of the defendant, and although she assigned
the note to the plaintiff after maturity, it was held that
the second endorsee was unaffected by the defence set
up of the statute of limitations on the ground " that a
purchaser after maturity from a *bona fide* holder who
took the paper for value before maturity is entitled as a
*bona fide* holder before maturity to the rights of his en-
dorser."   The commissioners, Barringer and King, lent
the money, as we have said before, under the order of
the Court, and the plaintiff insists on that account that
the note is a *fund* in the hands of the court, and that
the statute of limitations cannot successfully be pleaded
in this action.   But the $600 lent by the commissioners

to the defendants, and which was the consideration of the note, cannot be called, with propriety, a fund in the hands of the Court. The fund was disposed of when the money was lent, and the note simply represented the fund. As conclusive of that proposition it is only necessary to say that the note could not have been collected by an order of the Court to pay it in on notice to the debtors. Neither principal nor surety could have been punished for contempt upon refusal to obey an order to pay it into Court. It could only be collected, unless voluntarily paid, in a civil action in the regular course of the courts; and that being so, the defendants had the right to set up any defence they may have had in an action brought to collect the note.

Our statutes of limitation make no distinction between actions brought by commissioners or receivers against those who borrow funds in the hands of such receivers or commissioners and actions in favor of individuals against individuals. Statutes of limitations are remedial only.

Commissioners and receivers who may lend money under the direction of the Court are required to exercise both good faith and due diligence. They must look after the security of the loan and see to it that the debt does not become stale. But, in addition to what has been said, a final decree was entered long before this action was brought, in the case in which this fund was realized, and the plaintiff claims the note as her individual property under that final decree. The plaintiff's contention that the defendant, E. A. Snow, is estopped from denying that he is the principal debtor by the record in the case of *Causey* v. *Willow Brook Manufacturing Company* cannot be sustained. He was not a party to that proceeding, nor was he in privity with the

plaintiff or the commissioners in any sense of that word. It is true that the decree of February, 1887, declared that E. A. Snow was the purchaser of the property, had paid the purchase money and taken a deed, and was ready to borrow the money and pay 6 per cent. interest therefor; but that arrangement was not carried out, for the jury found upon evidence submitted to them that E. A. Snow and Ellwood Cox were sureties on the bond which the commissioners took for the loan of the money; that W. H. Snow was the principal, and that the commissioners knew these facts when the bond was executed. The evidence which the Court admitted to prove these facts was objected to by the plaintiff, but it was properly received. So far as the objection to the evidence may have been founded on the matters to which the prayers for instruction were directed, they have been already discussed. As to the objection to the testimony, so far as it affected the rights of the defendants to prove that they were sureties, the same has been settled as properly overruled in *Welfare* v. *Thompson*, 83 N. C., 276; *Capell* v. *Long*, 84 N. C., 17, and *Coffey* v. *Reinhardt*, 114 N. C., 509.

His Honor instructed the jury that if they believed the evidence (there was no conflict in the evidence) they should find the first and second issues " Yes " and the third issue "Nothing." The first issue was as to the payee's knowledge of the suretyship of the defendants, E. A. Snow and Ellwood Cox at the time of the execution of the note. The second issue was as to whether the action was barred by the statute of limitations, and the third issue was as to whether E. A. Snow and Ellwood Cox were indebted to the plaintiff.

There was no error in the instruction.

No error.