CASE 77—ACTION ON ACCOUNT FOR MERCHANDISE—FEB. 10.

# Dawson, Blackmore & Co. v. Elrod.

### APPEAL FROM PULASKI CIRCUIT COURT.

PARTNERSHIP—PARTNER RESTRICTING LIABILITY BY NOTICE.—A partner, by giving notice to persons dealing with the firm, not to extend credit to his co-partner, may limit his liability so that he will not be liable for goods furnished in violation of the notice.

O. H. WADDLE, FOR THE APPELLANT.

Counsel admitted that the weight of authority was that a partner could relieve himself from liability for the firm's debts by a notice to persons dealing with the firm not to sell to it on credit, (citing Story on Partnership, secs. 110, 128, 134, and 157; Leavett v. Peck, 3 Conn. 124 ([8 Am. Dec., 157]; and Monroe v. Connors, 15 Me., 178 [32 Am. Dec., 148]); but contended that the evidence in this case did not show such notice and further that Elrod having appropriated the firm's assets to an amount sufficient to pay the debt of appellant was equitably bound.

JAMES DENTON AND JAMES R. COOK, FOR THE APPELLEE.

1. This court will not reverse upon questions of fact unless the verdict is flagrantly against the evidence. L. & N. R. R. Co. v. Hundley, manuscript opinion rendered Nov. 9, 1897; Varble v. Bigley, 14 Bush, 698; Miles v. Saunders, 14 Ky. Law Rep., 689.
2. Elrod had a right to limit his liability by notice. Am. & Eng. Ency. of Law, vol. 17, p. 997; 3 Kent, 44; Story on Partnership, secs. 110, 128, 134, 157; Waugh v. Carver, Smith's Leading Cases, 1328; Monroe v. Connor, 32 Am. Dec., 148; Hotchin v. Kent, 8 Mich., 526; Matthew v. Dair, 20 Md., 248.
3. Elrod was not equitably bound by taking the assets of the firm; he had a right to re-imburse himself for the loss he had sustained. Wilson v. Wright, 8 Ky. Law Rep., 963; Am. & Eng. Ency. of Law, vol. 18, p. 247; Allen v. Brown, 39 Iowa, 330; Worthly v. Emerson, 116 Mass., 374.

Dawson, Blackmore & Co. v. Elrod.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This action was instituted in the Pulaski Circuit Court by the appellant against appellee and W. F. Hansford, as partners under the style of Walter Elrod & Co., upon an account of goods and merchandise sold to that firm. Hansford made no defense. Appellee, Elrod, admitted the sale and delivery of the goods charged for to Hansford, and that they were used by the firm, but denied liability therefor, for the reason, as alleged, that, before the goods were sold or delivered by appellant, he (appellee) notified appellant that he would not be bound to pay for any purchases made by Hansford on a credit or on time, and that appellee also notified Hansford not to buy any goods except for cash, to be paid for on delivery; that, notwithstanding this notice to both Hansford and appellant, these goods were sold and delivered by appellant to Hansford, who had charge of the business, all of which was done without appellee's knowledge or consent, but against his express wishes. To this answer a reply of denial of notice was filed. On this issue the case was tried before a jury, which resulted, after a mistrial and a second jury, in a verdict for appellee. Appellant's reasons and motion having been overruled, this appeal is prosecuted.

On the question of fact the jury might have concluded either way, so close was the testimony; and their finding will not be disturbed, if they were properly instructed. The court gave one instruction as follows: "If you believe from the evidence that defendant Elrod before the 5th day of April, 1894, gave notice to Adams not to sell Hansford any more goods on credit, you will find for defendant; but, unless you so believe from the evidence,

[40]

you will find for plaintiff." It was shown that the sale was made by Adams, agent and stockholder in appellant company. We are of opinion that this instruction embraced the law of this case. The rule of law that one partner can bind all the members of the firm about matters within the scope of the partnership business rests upon agency; the principle being that all the partners have agreed that he should do so. This agreement to be bound by the acts of one within the scope of the business is implied by law from the very nature of the association, and from the customary course of dealing. But a partnership may be dissolved, and then the power to bind all ceases after notice of dissolution. Likewise it seems clear that notice that the authority to bind all did not exist in one partner would relieve from liability the other partner, just as after dissolution he is no longer bound. The partner selling or trading with one partner can not, bind the other partner after notice that he will not be bound. It is notice that the implied agency had ceased. Nor do we think this rule is changed by the fact that the goods came to the firm, and were used by the firm. This might have been the very thing that the appellee did not desire, and the very thing he undertook to guard against; yet if the acts of his partner, against his wishes and over his protest, in receiving the goods and using them, can bind appellee to pay for them, the notice to appellant might as well not have been given. The effect of the notice, if given, must be to put the seller on notice that, if you sell over my protest, in no event will I be liable. This view is sustained by Monroe v. Conner, 15 Me., 178. [32 Am. Dec., 148]. The instruction being in accordance with these views, and the verdict not being against the decided weight of the testimony, the judgment is affirmed.