J. J. McAREAVY, Appellee, v. JULIA MAGRIL, Appellant.

Partnership Note:   LIABILITY OF PARTNERS ON DISSOLUTION.   An
   agreement between partners that upon one retiring the other
   shall assume and pay all firm obligations will not of itself ren-
   der the retiring member a surety merely on a firm note execu-
   ted by both as principals.

*Appeal from Delaware District Court.*—HON. H. C. PLATT,
                          Judge.

                THURSDAY, APRIL 14, 1904.                    *

   ACTION in equity to enjoin collection of a judgment.
Decree for plaintiff, and defendant appeals.—*Reversed.*

   *Bronson & Carr* for appellant.

   *Ransier & Everett* for appellee.

   WEAVER, J.—The nature of the controversy here pre-
sented may be stated as follows: In the year 1889 one D.
R. Magirl and the plaintiff, McAreavy, were partners in
business.   The firm borrowed the sum of $200 from Julia
McEnany (now Julia Magirl, the defendant herein), and
made to her a promissory note for that amount, signed in the
firm name.   Thereafter, and while said note was still out-
standing and unpaid, the partnership was dissolved, D. R.
Magirl taking the firm property and agreeing to pay the firm
debts, of all which the defendant had notice.   Later Magirl
married the defendant.   On July 28, 1898, about eight years
after the maturity of the note, Mrs. Magirl brought suit
thereon against McAreavy, without making her husband a
defendant, and obtained judgment in the sum of $416
and costs.   The judgment has never been paid.   On No-
vember 9, 1900, more than ten years after the maturity
of the note, which had been put in judgment against

McAreavy, the latter began this suit, alleging that by virtue of the terms of dissolution of partnership by which Magirl assumed and agreed to pay this debt the latter became the principal debtor, and plaintiff thereafter stood in the relation of surety only. He further alleges that, plaintiff having failed to put the note in judgment against her husband, her right of action therein has become barred by the statute of limitations, and, having thus negligently allowed the principal debtor to escape liability, the plaintiff, as surety, is also released, and upon this theory he asks to have the collection enjoined, and the judgment canceled.

As members of the partnership, both plaintiff and D. R. Magirl were equally bound as principal debtors to the payee of the note. When Magirl took the partnership assets and assumed payment of the partnership debts, then, as between him and the plaintiff, he became liable as the sole principal, and plaintiff became his surety for the payment of said note. This proposition is upheld by all the authorities, and is not denied by the appellant. When we advance the next step, and inquire whether this change in the relations existing between the partners affects in any manner their relation to the holder of the note, we find a marked variance of views. The courts of several states—notably New York and Michigan—hold to the view that, when a partner retires from a firm under such an agreement, and notice thereof is brought home to the creditor, the latter is bound to recognize the new relations between the members of the late partnership, and any indulgence thereafter shown to the partner assuming the debt which would have the effect to discharge an original surety will operate to discharge the retiring partner from further obligation. *Millard v. Thorn,* 56 N. Y., 402; *Colegrove v. Tallman,* 67 N. Y., 95 (23 Am. Rep. 90). *Smith v. Sheldon,* 35 Mich., 42 (34 Am. Rep. 529). See, also, *Leithauser v. Baumeister,* 47 Minn., 151 (49 N. W. Rep. 660, 28 Am. St. Rep. 336). Brandt on Suretyship (2nd Ed.) section 36; Stearns on Suretyship, page 24; Baylies on Suretyship, pages 40, 481; Shumaker on Partnership, 341, 342. The

reasoning by which this view is supported is very forcibly stated by Folger, J., in the *Colegrove Case,* and by Cooley, C. J., in the *Smith Case,* and the writer of this opinion would be content to accept it as authoritative. The majority of the court prefers to follow the other line of authorities as announcing the sounder principle, and the result arrived at cannot be said to be essentially unjust. It is in accord with the views expressed by many courts and law writers, and is bottomed upon the proposition that the liability of the partners as principal debtors being fixed by the terms of the original contract, it is not competent for them by any agreement between themselves to change the nature of that liability, or impose upon the creditor, without his consent, any new or additional obligation or duty, a neglect of which may work a discharge of one of such debtors from his obligation to pay. The agreement between the partners by which one of them assumes to pay the entire debt is regarded *res inter alios acta* as respects the creditor, who is neither benefited nor prejudiced thereby. *Barnes v. Boyer,* 34 W. Va., 303 (12 S. E. Rep. 708); *Buchanan v. Clark,* 10 Grat., 164; *Rawson v. Taylor,* 30 Ohio St. 389 (27 Am. Rep. 464); 2 Collyer on Partnership, chapter 24, section 596; 1 Collyer on Partnership, chapter 17, section 407; Story on Partnership, section 334; Parsons on Partnership (4th Ed.) sections 296, 313, 324; *Shapleigh v. Wells,* 90 Tex., 110 (37 S. W. Rep., 411, 59 Am. St. Rep., 783); *Hall v. Jones,* 56 Ala., 493; *White v. Boone,* 71 Tex., 712 (12 S. W. Rep. 51). The case of *Rawson v. Taylor, supra,* is like the one at bar, so far as the relationship to the parties to the debt is concerned. A partnership had been dissolved, and the debts assumed by one of the members. The other member defended against an action upon a partnership note on the ground that by the terms of his withdrawal from the partnership he became a surety only, and that he had been discharged from liability by reason of certain dealings between the creditor and the principal debtor. To this defense the court says: "When the note was executed and delivered to Mrs. Rawson for a valuable

consideration, the liability thereon of each partner became fixed. Their relations to that contract and their liabilities therein could, by no act between themselves, be changed." It was therefore held that, while notice to the creditor of the change in the relations between the debtors might impose upon her the duty of acting in good faith and with reasonable diligence in the management of securities placed in her hands for the payment of her claim, in the preservation of liens, and the applications of payments, it did not impose upon her the obligations attaching to the ordinary relation of creditor and surety. The same conclusion is announced in varying forms, but with unanimity of doctrine in all the books last above cited, as well as in many more which are therein referred to.

Counsel do not cite and we now recall no decision of our own directly in point to the present controversy as applied to a case of partnership debtors. The principle is affirmed, however, in *James v. Day,* 37 Iowa, 164. In that case two parties —Day and Close—made their joint promissory note as principals. Thereafter, by an arrangement between themselves, Close assumed the payment of the debt, and Day sought to avail himself of a defense based on the theory that he thus became a surety only. To this proposition we said: "The original relation of the parties could not be changed so that Day would become a surety instead of a principal debtor, unless by some valid agreement to that effect entered into by the parties. No such agreement is alleged. The alleged promise of Close to pay the entire debt created no obligation on the part of the plaintiff to release Day from his liability as a principal debtor. * * * Both Close and Day were originally principal debtors. They remained such as to the plaintiff, unless the latter, for a valid consideration, agreed to release Day or accept him as surety only." There is a class of cases of which *Lauman v. Nichols,* 15 Iowa, 161, is an example, in which it is held that a person signing a note or other obligation as a joint maker may, nevertheless, allege and prove that he joined in the execution of the instrument as surety only, and, upon notice of that fact being given to the

holder of such obligation, even after it is delivered, he is bound to recognize the true relations of the makers; but until such notice is received he may enforce payment against all makers as principal debtors. At first blush these two lines of cases may seem inconsistent, but they are clearly distinguishable. In the former the debtors seek, by an agreement between themselves alone, to change their relations to the debt without the consent of the creditor; while in the latter the original and true relation of the makers to the debt is unchanged, and the rights and position of the surety are protected and made effectual from the time notice of such relation is brought home to the creditor. This distinction is recognized and explained in *Shapleigh v. Wells, supra,* and *Rawson v. Taylor, supra.*

Having found that plaintiff herein is not entitled to the rights of a surety as against Mrs. Magirl, it is unnecessary to consider other matters presented in argument. It is elementary that mere indulgence by the creditor to one joint debtor will not serve to discharge another joint debtor from his obligation to pay. The claim has been put in judgment against the plaintiff, and, save upon the theory of his suretyship, which we find is unsound, he offers no reason why it should be canceled or annulled.

The decree of the district court is therefore REVERSED.