MYRTLE GLADSON v. WILLIAM E. HEAGLE AND OTHERS.[1]

February 4, 1927.

No. 25,924.

**Two nonassenting partners were released from liability on mortgage made by third partner.**

Three partners sold a farm subject to a mortgage of $28,750 due in 1930. The purchaser, the mortgagee and one partner for the partnership made an arrangement by which the mortgagee accepted a present payment of $22,000 from the purchaser and released him from further liability and satisfied the mortgage, with the understanding that the partners were not released from liability for the balance of the original debt. The other two partners had refused to make this agreement and the mortgagee had been so informed before it was made. *Held* that they were not bound by it and were released from liability.

Mortgages, 41 C. J. p. 719 n. 2.
Partnership, 30 Cyc. p. 482 n. 60 New.

[1]Reported in 212 N. W. 175.

Plaintiff and defendants Heagle appealed from orders of the district court for Lyon county, Enersen, J., denying their separate motions for a new trial. Affirmed.

*A. R. English* and *J. V. Williams,* for appellants.

*William R. Mitchell, James H. Hall* and *A. B. Gislason,* for respondents.

TAYLOR, C.

In this action to recover the balance due upon a promissory note, there is no substantial dispute as to the facts and the findings of the court are full and complete.

On June 3, 1919, defendant William E. Heagle contracted for the purchase of a farm adjoining the city of Marshall. On the same date he made a contract with defendants Brantman and Van Dorin by which he assigned to them an undivided two-thirds interest in the contract for the farm and they each assumed and agreed to pay one-third of the price to be paid therefor. On December 29, 1919, the farm was conveyed to Heagle under the contract, and he and his wife, defendant Sarah Heagle, executed a promissory note in the sum of $28,750, with interest coupons attached, payable January 1, 1930, for the deferred part of the purchase price, and secured the payment thereof by a mortgage on the farm. Plaintiff is the owner and holder of this note and mortgage. On March 1, 1921, Heagle with the consent of his associates sold and conveyed the farm to C. H. and J. H. Boyer, and by a clause in the deed the Boyers assumed and agreed to pay the mortgage debt as a part of the purchase price. On February 7, 1924, the Boyers as party of the first part, Heagle for himself and for Heagle, Brantman and Van Dorin, copartners, as party of the second part, and plaintiff as party of the third part executed a written contract, known as Exhibit 5 in the record, under and pursuant to which the Boyers paid plaintiff $10,000 in cash and gave her a mortgage for $12,000 on the farm, and plaintiff satisfied and discharged the original mortgage and released the Boyers from all liability for the original debt, and in and by which Heagle for himself and for the partnership agreed that plaintiff should satisfy the original mortgage and release the Boyers from

all liability for the debt secured thereby, and should indorse the $22,000 as a payment on the original note leaving a balance of $6,750 still payable thereon, and further agreed that the Boyers upon making the payment of $10,000 and executing the mortgage for $12,000 should be released from all liability under the assumption clause in the deed.

In April, 1925, plaintiff brought this action to recover the balance of $6,750 remaining unpaid on the original note. In her complaint she set forth the note and the contract between Heagle and Brantman and Van Dorin in full and alleged that the indebtedness represented by the note was incurred in the purchase of the farm. Brantman and Van Dorin were not parties to the note and plaintiff bases her claim against them on the fact that they had each contracted with Heagle to pay one-third of it, invoking the doctrine that where a person makes a contract with another for the benefit of a third the latter may sue upon it. They do not dispute the doctrine invoked, but claim that satisfying the mortgage and releasing the Boyers from liability for the balance now sought to be collected released them from liability for the reason that, as between them and the Boyers, the Boyers and the land had become primarily liable for the debt. Their position is well taken and their contention must be sustained, unless they are bound by the contract, Exhibit 5, authorizing plaintiff to release the Boyers and the land. This contract was executed by Heagle for himself and also for Heagle, Brantman and Van Dorin, copartners.

The court found that:

"The said agreement, Exhibit 5, was executed and delivered without the consent of the defendants, Van Dorin and Brantman, and after the said Van Dorin and Brantman had positively refused to execute said agreement, and had stated to the defendant, William E. Heagle and to J. V. Williams, who was then and there the agent of the plaintiff, that they would not execute said agreement or other agreements of a similar nature. That the plaintiff herein, knowing that the said Van Dorin and Brantman had repudiated the said proposed agreement, Exhibit 5, and refused to execute the same, and

knowing that the said William E. Heagle had no authority to sign said agreement on behalf of Heagle, Brantman and Van Dorin, thereupon and thereafter signed the said agreement, Exhibit 5, and satisfied and discharged the mortgage, Exhibit 4, of record."

This finding is amply supported by the evidence. Plaintiff was a nonresident. Her agent and attorney who acted for her in this transaction concedes that he tried to induce both Brantman and Van Dorin to join in this agreement or in one of a similar tenor, and that neither would do so, and that thereafter it was executed in the manner hereinbefore stated. Although it is conceded that both Brantman and Van Dorin had refused to make this agreement and that all the other parties knew it, plaintiff argues that they were partners with Heagle and that Heagle by signing for the partnership bound them as well as himself. Conceding that the three were partners and that this transaction was in the line of the partnership business, both of which are doubtful, Heagle could not bind the other two, by such a contract, to one who knew that they had refused to make it. Uniform Partnership Act, pp. 815, 817, c. 487, §§ 9, 18 (h), G. S. 1923, §§ 7392, 7401 (h); Leithauser v. Baumeister, 47 Minn. 151, 49 N. W. 660, 28 Am. St. 336; Wilson v. Richards, 28 Minn. 337, 9 N. W. 872; Dawson, Blackmore & Co. v. Elrod, 105 Ky. 624, 49 S. W. 465, 88 Am. St. 320, and note following this case in 88 Am. St. at page 322.

It may not be amiss to remark in passing that no attempt was made to show that the Boyers were not financially responsible for the full amount of their liability or that the farm was not ample security for the amount of the mortgage.

As conclusions of law the court found that defendants Heagle were liable for the unpaid balance of the note and that defendants Brantman and Van Dorin were not liable therefor. Plaintiff and defendants Heagle made separate motions for amended findings or a new trial, and appealed from the orders denying their respective motions. The conclusion that Brantman and Van Dorin are not bound by the contract, Exhibit 5, executed by Heagle, is decisive of both appeals and both orders are affirmed.