T. S. WELFARE v. W. L. THOMPSON and others.

*Principal and Surety—Evidence—Statute of Limitations.*

1. Under our system, which combines the principles of law and equity, it is competent to show by parol evidence that one who has become joint obligor with several others to a sealed instrument assumed only the liability of a surety, and that the obligee was aware of the extent of such liability at the time of accepting the instrument.

2. The statute of limitations bars in three years the liability of a surety to a sealed obligation.

(*Knight* v. *Braswell*, 70 N. C., 709, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of DAVIDSON Superior Court, before *Buxton, J.*

The action was brought upon a single bill which was as follows :

$450.                    LEXINGTON, N. C., April 25th, 1876.

One day after date we promise to pay to the order of T. S. Welfare the sum of four hundred and fifty dollars without defalcation, value received at eight per cent. per annum.

(Signed)                    W. L. THOMPSON, (Seal.)
                            J. H. THOMPSON, (Seal.)
                            C. M. THOMPSON, (Seal.)
                            C. F. LOWE, (Seal.)
                            F. M. THOMPSON, (Seal.)

The defendants, W. L. Thompson and J. H. Thompson, made no defence to the action. The other defendants, C. M. Thompson, C. F. Lowe and F. M. Thompson, filed a joint answer and set up for their defence that each was a surety on the note and that the plaintiff's cause of action against them was barred by the statute of limitations, not

having been brought within three years after the cause of action accrued.

The following issues were submitted to the jury :

I. Was C. M. Thompson a surety to the note?

II. If yes, did Welfare know it before he received the note and loaned the money ?

III. Was F. M. Thompson a surety to the note ?

IV. If yes, did Welfare know it before he received the note and loaned the money ?

V. Was C. F. Lowe security to the note?

VI. If yes, did Welfare know it before he received the note and loaned the money ?

All of these issues were found by the jury in favor of the defendants. Thereupon judgment was rendered against W. L. Thompson and J. H. Thompson, and in favor of C. M. Thompson, F. M. Thompson and C. F. Lowe, and that they recover their costs. There was a motion for a *venire de novo.*

The motion was disallowed. The plaintiff then moved for judgment on the complaint and answer, which was refused and he appealed.

*Mr. W. H. Bailey,* for plaintiff.
*Mr. J. M. McCorkle,* for defendants.

ASHE, J. There were two exceptions taken in the progress of the trial, first, to the admission of parol evidence to prove that the defendants C. M. Thompson, C. F. Lowe and F. M. Thompson were sureties to the note, and secondly, to the refusal of His Honor to give the instructions prayed by plaintiff, to wit, that the statute of limitations was not a bar to any of the defendants, it being conceded that ten years had not expired after the execution of the note when the suit was brought. The authorities are very uncertain and conflicting upon the question whether or not it may be shown by parol that a joint promisor or obligor was in fact

a surety. Some of the authorities hold that in law it cannot be done but is a defence available in equity and the proof is admissible whenever equitable pleas are allowed in courts of law, and especially in our system where the distinctions between actions at law and suits in equity are abolished.

The current of authorities seems to incline to the conclusion that the testimony is admissible upon an equitable principle of protecting the rights of the surety. Some hold that to give this equitable protection to the surety, the holder or obligee must have had knowledge of the fact of suretyship when he received the note or it was delivered: others, that it will be sufficient if that fact is brought to the knowledge of the holder or obligee before any act complained of as endangering or injuring the rights of the assignee. Whatever importance may be attached to that distinction, we believe it is conceded that whenever it is proposed to prove that a co-promisor or co-obligor to a note or bond is surety only, the fact not appearing upon the face of the instrument, it is competent to show by parol that fact, and that the creditor knew at the time he received the note that he was surety. Brent on suretyship, §§ 17, 18, and cases referred to in notes 2, 3, 4 and 5. See also 2 Daniel on Negotiable Instruments, § 1338, and Parson's Notes and Bonds, 233.

The jury in our case, even if there be anything serious in the distinction, has relieved us from the necessity of deciding that question by finding that the defendants C. M. Thompson, F. M. Thompson and C. F. Lowe were sureties to the single bill declared upon, and that the obligee, the plaintiff, knew that they were sureties at the time he received the note and loaned the money for which it was given. There was no error in receiving the parol evidence.

And as to the other exception to the refusal of his Honor in giving the instructions prayed for, we are of the opinion that his ruling was not erroneous.

WELFARE *v.* THOMPSON.

The third chapter of Title IV of the Code of Civil Procedure in prescribing the limitations to actions divides them into several classes, to wit, ten years, seven years, six years, three years, one year, six months, and ten years in actions for relief not otherwise provided for. The class of ten years embraces " An action upon a sealed instrument against the principals thereto." By using the word " principal " and omitting " sureties " the legislature evidently intended to make a distinction in the limitations to actions on sealed notes between principals and sureties; if not, why say " An action upon a sealed instrument against the principals "; if no such distinction had been intended they would have said simply " A action upon a sealed instrument " and that would have embraced both principals and sureties.

The class of three years includes "An action upon a contract, obligation or liability arising out of a contract, express or implied, except those mentioned in the preceding sections." An obligation is a sealed instrument, and by the provisions of the last recited section the three years limitation applies to all actions upon sealed instruments, other than those mentioned in the preceding sections; and one of those not mentioned in the preceding sections is an action upon a sealed instrument against the sureties thereto.

Giving to the 3rd section of Title IV of the Code a fair and reasonable construction, we can come to no other conclusion than that three years was intended to be and is a bar to actions upon sealed notes against the sureties : and this is so declared by BYNUM, J., in *Knight* v. *Braswell,* 70 N. C., 709.

The judgment is affirmed.

No error.                              Affirmed.