K. II. WORTHY, Adm'r, v. A. S. McINTOSH, Adm'r.

*Executors and Administrators.*

(See syllabus in preceding case).

CIVIL ACTION upon the bond of an administrator tried at December Special Term, 1883, of MOORE Superior Court, before *MacRae, J.*

The question is, upon the facts stated in the opinion here, whether the action was barred by the statute of limitations, and from the ruling of the court below that it was not, the defendant appealed.

*Messrs. John Manning* and *J. W. Hinsdale,* for plaintiff.
*Messrs. M. S. Robins* and *McIver & Black,* for defendant.

SMITH, C. J. W. R. Seawell died intestate in 1859, and shortly thereafter administration of his estate was committed to J. J. McIntosh, who, with the other defendant as surety, executed the bond now in suit, for the proper discharge of the trusts assumed.

J. J. McIntosh, without having settled the estate in his hands, also died intestate in 1870, and the defendant, Asa McIntosh, was, on September 13th of that year, appointed administrator of his estate, and proceeded at once to advertise for creditors as required by law. Bat. Rev., ch. 45, §§ 45, 46, 47.

Letters of administration *de bonis non* on the estate of W. R. Seawell were issued on March 15, 1871, to the relator who instituted this action on November 13, 1879, to recover the unadministered estate which is or ought to be in the hands of the first administrator, the intestate of the defendant Asa McIntosh.

The defence set up as a bar to the recovery is the statute of limitations prescribed in C. C. P., §32, more than seven years

having elapsed since the right of action vested in the relator by his appointment. The facts stated are found by the court, the parties waiving a trial by jury and consenting to such finding.

The court adjudged that the action was not barred, and ordered a reference to the clerk to state and report an account of the administration of the estate of the said J. J. McIntosh in the hands of the defendant Asa McIntosh, from which judgment the latter appeals.

The precise point now before us was presented at the present term in the case of *Lawrence* v. *Norfleet, ante,* 533, and it is held that the action of the administrator *de bonis non* against the administrator of a former representative of the deceased stands upon the same footing in this regard as the action of any other creditor, and is within the meaning of the second clause of section 32, C. C. P., and must be commenced within seven years next after the right of action vested in the plaintiff under his appointment, there being already a person against whom it could be brought.

The present statute is an absolute and unqualified bar, when its conditions are complied with, and gives, as was intended, a repose to the estate and puts an end to the claims against it, unless suspended under the provisions of section 164 of THE CODE.

There is error. The defendants must have judgment that they go without day and recover their costs, and it is so ordered.

Error.                                                    Reversed.