CLAUDIA REDMOND v. F. L. PIPPEN, Administrator of J. H. PIPPEN, and M. H. PIPPEN, Executrix of W. M. PIPPEN.

*Action on Sealed Note—Surety—Statute of Limitations.*

1. The lapse of three years between the maturity of or last payment on a sealed note, and the commencement of suit thereon, is a bar to the action as against a surety thereto.

2. Section 153 (2) of *The Code*, prescribing seven years after the qualification of the executor or administrator as the time within which a creditor of a deceased person shall bring his action, does not put a stop to the operation of the three years statute, which has begun to run; therefore, where the statute began to run in favor of a surety on 23d of March, 1888, the surety died on June 6, 1889, and his executrix qualified on June 8, 1889, an action commenced on 5th of April, 1892, was barred as to such surety.

3. Section 153 (2) applies to actions against a personal or real representative instituted to compel the performance of some duty incumbent on the representative, such as the sale of land for assets, and not to actions brought simply to ascertain the debt and reduce it to judgment.

CIVIL ACTION, tried before *Hoke, J.*, and a jury, at Spring Term, 1893, of EDGECOMBE Superior Court, to recover the amount of a sealed note for money.

Defendants admitted liability to plaintiff for the balance due on the note, as to the defendant F. L. Pippen, administrator of J. H. Pippen, the principal thereto, but contended that as to the executrix of W. M. Pippen, the surety to the note, the cause of the action was barred by the statute of limitations protecting sureties in three years.

It was admitted that the note was executed much more than three years before commencement of this suit by J. H. Pippen as principal and W. M. Pippen as surety, and summons in the action was issued on April 5, 1892.

It was also admitted that J. H. Pippen died in June, 1888, and defendant F. L. Pippen qualified as his administrator on October 15, 1891. That W. M. Pippen died June 6, 1889, and defendant, his executrix, was qualified as such on June 8, 1889.

It was proved further that J. H. Pippen, the principal to the note, paid the interest thereon continuously as same became due, down to and including March 23, 1888, which was the last payment made by him, and such payments were duly entered as credits on the note.

There was no evidence offered that claim had been presented to either administrator or executrix. The Court being of the opinion, on the facts admitted, that the cause was barred as to the surety by the statute of limitations, so instructed the jury, who returned a verdict on the evidence in favor of the defendant surety. Plaintiff excepted.

Judgment for plaintiff for amount of note against principal, and that the defendant surety go without day. Appeal by plaintiff.

*Mr. John L. Bridgers*, for plaintiff (appellant).
*Messrs. Gilliam & Son*, for defendants.

MacRae, J.: Since *Welfare* v. *Thompson*, 83 N. C., 276, it has been firmly established that three years is a bar to actions upon sealed notes as against the sureties thereto.   Clark's Code, section 152 (2).

As to the surety W. M. Pippen himself, there is no question but that the statute of limitations would bar an action against him in three years after the last payment.   It is contended, however, that, as he died before the action was barred as to him, by virtue of section 153 (2) the time is extended, or, as said in the plaintiff's argument, "that his death puts a stop to the running of the statute and brings to an end all limitations in favor of the dead man's estate. Upon the qualification of the personal representative, a new and different statute of limitations begins to run, to-wit, the statute governing the bringing of actions against the personal representatives of decedents (*The Code*, §153 (2),)," and that notwithstanding the fact that the statute had begun to run during the life of the surety, and had been merely suspended upon his death until the qualification of his executor, after such qualification an action may be brought upon the note at any time within seven years.

This is the first time, as far as we know, that this construction has been sought to be put upon the section last named. The statute of limitations, Title 3 of the Code of Civil Procedure, is comprised of several chapters and many sections, and in the interpretation of any one section thereof, regard must be had to its harmony with the whole.

While section 153 (2) standing alone would extend the time "by any creditor of a deceased person against his personal or real representative within seven years next after the qualification of the executor or administrator," etc., we must take it in connection with section 155, which restricts "within three years an action upon a contract, obligation or liability arising out of a contract express or implied, except those mentioned in the preceding sections" (which especially

REDMOND *v.* PIPPEN.

referred to contracts under seal, section 152 (2), *Joyner* v. *Massey*, 97 N. C., 148), and with section 164, which provides "if a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his personal representative after the expiration of that time, and within one year after the issuing of letters testamentary," etc.

The last section has been held to be an enabling and not a disabling statute, and to apply only in those cases where, but for its interposition, a claim would be barred in less than one year from the grant of letters. *Benson* v. *Bennett*, 112 N. C., 505.

It will be found upon examination of the cases wherein the seven years statute has been held to apply, that they were brought against the personal, and where necessary, the real representatives, for the enforcement of some right of which the debt itself was but the foundation, as in *Lawrence* v. *Norfleet*, 90 N. C., 533, and *Worthy* v. *McIntosh*, 90 N. C., 536, which were brought by the administrator *d. b. n.* against the administrator of a former representative to recover the unadministered assets which were or ought to have been in his hands; or as in *Cox* v. *Cox*, 84 N. C., 138, which was an action for a legacy; or as in other instances which might be named, upon a devastavit, or to compel the sale of land to pay the debts of the decedent. This is the more reasonable, as the result of an action against the personal representative upon an ordinary obligation of the deceased; is simply to ascertain the amount of the debt and fix it in a judgment.

It is impossible by any other construction to reconcile the provisions of the sections cited.

This action then as it appears was barred at the time of its commencement.

No Error.