A. O. HAYWOOD, ADMINISTRATOR, v. L. M. RUSSELL AND
GEORGE W. MORRIS.

(Filed 21 December, 1921.)

**Bills and Notes—Judgments—Indorser—Principal and Surety—Evidence —Pleadings—Liability of Principal—Payment by Indorser.**

Where one of two defendants has paid a joint judgment upon a note against them both, and has the judgment assigned to another for his use, who brings action to recover against the other judgment debtor, he may, as between themselves, show that the defendant in the second action was the principal payee, and that he, the plaintiff, was an indorser, though not pleaded in the original action, and recover the full amount of the judgment he has paid, the action being, in substance, one by the surety on the note to recover against the principle thereon. C. S., 3963; 1795, excluding evidence of transactions with deceased persons does not apply, the parties to the action being alive.

ADAMS, J., did not sit.

APPEAL by Morris from *Bryson, J.,* at the April Term, 1921, of MONTGOMERY.

L. M. Russell, in 1892, executed a note to George W. Morris for the sum of $326, with interest at 8 per cent from 1881. It was endorsed by George W. Morris to E. T. R. Livingston, who obtained judgment jointly

on said note at January Term, 1899, of Montgomery, against George W. Morris and L. M. Russell. His administrator, A. O. Haywood, in July, 1908, assigned this judgment to D. T. Russell, the wife of L. M. Russell, who, in December, 1908, issued notice to George W. Morris alone that motion would be made to revive said judgment and to issue execution thereon. Answer was filed to said notice by Morris, and the cause was transferred to the Superior Court for trial on 31 December, 1914, and summons was issued to make L. M. Russell a party to said proceedings on the same day. Said L. M. Russell failed to answer, plead, or demur, and judgment was rendered against both defendants at Fall Term, 1919, the jury having found that the judgment was not barred by the statute of limitations and had not been paid, but execution was issued on this judgment against George W. Morris only, who, by virtue of said execution, paid the full sum then due thereon, $1,038.32, on 26 September, 1919, and thereupon, pursuant to C. S., 3963, caused such judgment to be transferred to W. R. Harris, trustee, for his benefit, who instituted this proceeding 16 October, 1919, joining George W. Morris therein, against L. M. Russell, who filed answer.

The cause coming to be tried at April Term, 1921, the jury returned a verdict that the defendant L. M. Russell was indebted to the defendants George W. Morris, $519.16, and interest from 26 September, 1919, which was one-half of the amount of the judgment which had been paid by G. W. Morris, and he appealed.

*Brittain & Brittain and Dockery & Wildes for G. W. Morris.*
*R. T. Poole for L. M. Russell.*

CLARK, C. J. On 1 January, 1892, L. M. Russell executed a note for $326, with 8 per cent interest from 1881, to George W. Morris, who in turn assigned same to one Livingston, whose administrator recovered judgment January, 1899, for $454.12, against L. M. Russell and George W. Morris. The administrator, O. A. Haywood, assigned the said judgment to D. T. Russell, the wife of L. M. Russell. She instituted proceedings to revive said judgment, and the jury having found, on issues submitted, that it was not barred by the statute of limitations, said judgment was renewed before Adams, J., 26 September, 1919, but execution was issued against George W. Morris alone for $1,038.32, who paid off the same, but caused the judgment to be assigned to W. R. Harris, trustee, for his benefit.

L. M. Russell being a debtor, and the payee, George W. Morris, having endorsed the paper, is entitled in equity to recover the entire sum paid by him for the original debtor, for this is in substance an action, C. S., 3963, by the surety to recover from his principal the amount which he

paid upon the execution issued upon the joint judgment against them in favor of the assignee of the original judgment creditor, L. M. Russell, and which was revived by her in an action against both, but execution having been issued and collected out of George W. Morris solely.

Morris having obtained judgment against L. M. Russell in this proceeding for only one-half of the amount paid by him, assigns as error:

1. That the court refused to allow George W. Morris (who is the real plaintiff in this action) to testify that he was payee on the note given by L. M. Russell to G. W. Morris, which was endorsed by him to E. T. R. Livingston, who obtained judgment against them both in 1899.

2. George W. Morris further assigns as error that the court refused to allow him to testify that he endorsed the note to E. T. R. Livingston which had been executed to him by L. M. Russell.

3. George W. Morris further assigns as error that the court refused to allow him to testify that he bore the relation of surety to Russell on the note.

4. G. W. Morris further assigns for error that the court refused to allow the witness I. E. Sanders to testify that George W. Morris' name was endorsed on the note that was in suit, on which the judgment was obtained in 1899.

5. George W. Morris further assigns as error that the court refused to allow him to testify that L. M. Russell was principal on the note which was endorsed by him to E. T. R. Livingston, on which the judgment was obtained.

6. G. W. Morris further assigns as error that the court refused to allow G. W. Morris to testify that he was surety for the defendant L. M. Russell on the note aforesaid.

This is an action by the endorser to recover of the principal the full amount of the note which he has paid. It is well settled that the surety on a note on which judgment has been taken can set up his suretyship, notwithstanding he did not plead it in the original action. In *Kennedy v. Trust Co.,* 180 N. C., 229, it is held: "As between the apparent makers and the original taker of the Kennedy notes, it was competent for the plaintiff to prove which of the two signing the notes to the bank was the principal debtor, and which was the surety. *Welfare v. Thompson,* 83 N. C., 276; *Lockhart v. Ballard,* 113 N. C., 292; *Foster v. Davis,* 175 N. C., 541; *Williams v. Lewis,* 158 N. C., 571."

In *Foster v. Davis,* 175 N. C., 541, it is said that if "The wife promised to pay the debt of her husband when she signed the note she was a surety, and it was competent to prove the relationship by parol as between the parties, although she appeared to be a principal on the face of the note. *Williams v. Lewis,* 158 N. C., 574." Indeed, the equity and the precedents are so well settled that no citation of authorities or discussion of the principle is necessary.

As both L. M. Russell and George W. Morris are still living, C. S., 1795, did not disqualify this testimony, and we know of no other ground that can be assigned.

There are other exceptions, but it is unnecessary to discuss them, and, indeed, it seems that we cannot consider several of them, which are exceptions to the rejection of evidence which were not taken till after verdict.

New trial.

ADAMS, J., did not sit.