MRS. IDA BARNES, ADMINISTRATRIX DE BONIS NON OF D. D. ODOM, DE-
CEASED, v. B. C. CRAWFORD AND HIS WIFE, NELLIE W. CRAWFORD,
FORMERLY NELLIE W. HOLT.

(Filed 7 October, 1931.)

1. **Bills and Notes D b—Where husband and wife sign note secured by
mortgage on his lands for his debt the wife is a surety.**

Where a wife signs a note under seal upon its face with her husband
for money borrowed by him, and joins with him in giving a mortgage
upon his lands in order to pass her dower interests therein as security
for his debt, she is in effect a surety upon his note, and the payee with
knowledge of the facts is presumed to know the law, and takes the note
subject to her rights as surety.

2. **Bills and Notes C b—Where note is transferred by endorsement after
maturity the transferee takes subject to existing equities.**

Where the payee of a note under seal made by a husband and wife
has knowledge that the wife signed in the capacity of surety and transfers
the same by endorsement after maturity, the transferee thus becomes
the holder subject to the equities existing between the original parties,
and in his action against the wife she may show by parol that she was
only a surety on the note.

3. **Limitation of Actions A b—Three-year statute applies to sureties on
note under seal.**

C. S., 441, applies to sureties on a note under seal, and as to the
sureties the right of action on the note is barred after the lapse of three
years, and the ten-year statute, C. S., 437, by excluding the word "surety"
applies only to the principals on the note.

APPEAL by defendant Nellie W. Crawford from *Harris, J.,* at Janu-
ary Term, 1931, of NASH. Reversed.

In the record *Odom* is also spelled *Odum*. We will correct the record
and spell it *Odom.*

The parties agreed to the following statement of facts:

"1. That Mrs. Ida Barnes is administratrix *de bonis non* of D. D.
Odom, deceased, and in such capacity is the holder of a certain promis-
sory note executed by S. F. Austin to D. D. Odom on 16 January, 1926,
in the sum of four thousand dollars ($4,000), and said note was given
as renewal of a like note first executed on 9 February, 1923; that on or
about 1 February, 1927, S. F. Austin paid on the said sum of four
thousand dollars ($4,000) the sum of two thousand dollars ($2,000),
which is credited on said note.

2. That on 9 February, 1923, at the time the said S. F. Austin first
executed the note, as mentioned above, to D. D. Odom, the Austin-
Stephenson Company in order to secure the payment of the said note

transferred and assigned to D. D. Odom a certain note and mortgage deed in the sum of eleven thousand dollars ($11,000), which had been executed by S. S. Holt and wife, Nellie W. Holt, on 14 May, 1920, to the said Austin-Stephenson Company, and due and payable on 14 January, 1921.

3. That the said note and mortgage had been executed to the said Austin-Stephenson Company by S. S. Holt and wife, Nellie W. Holt, to secure an indebtedness of the said S. S. Holt, and that the lands covered by the mortgage were the individual property of the said S. S. Holt; that the said Nellie W. Holt had executed said note and mortgage in her capacity as wife of S. S. Holt to fully convey any contingent interest which she might have in the lands securing said note.

4. That since the execution of the note and mortgage to the Austin-Stephenson Company neither S. S. Holt nor Nellie W. Holt has ever paid any sum on the indebtedness and the lands conveyed by the mortgage deed have been sold under prior liens and nothing received from the sale to be applied on this indebtedness.

5. That on 12 September, 1921, Nellie W. Holt secured a divorce from the said S. S. Holt and since that time has intermarried with said B. C. Crawford, and is now the wife of the said B. C. Crawford. And since such divorce the said Nellie W. Crawford has never been advised of the nonpayment of the note, and has never agreed to any extension of the note to the holder of the same, and she specifically pleads as a bar to the action the statute of limitations applicable to her as surety, and the forbearance on the part of the creditor as the principal of said note.

6. That S. S. Holt died on or about the month of June, 1925, and his estate did not have assets to be applied to said indebtedness, and final account has been filed by his administratrix, who has been discharged from further duties by the courts.

7. That summons in this case was issued out of the Superior Court of Nash County on 24 September, 1928, and due service had on the said B. C. Crawford and wife, Nellie W. Crawford, formerly Nellie W. Holt.

8. That the plaintiff does not claim any right of action against the said B. C. Crawford and agrees that he is not indebted to the plaintiff in any amount whatsoever.

9. That since the execution of the renewal note, as set out above, by S. F. Austin to D. D. Odom, the said S. F. Austin has been adjudicated a bankrupt and discharged in accordance with the bankruptcy statutes; and the said Austin-Stephenson Company since said date has been adjudicated a bankrupt.

From the foregoing facts the plaintiff contends that Nellie W. Craw-
ford, who was formerly Nellie W. Holt, is indebted to her in the sum
of four thousand dollars ($4,000), with interest, subject to a credit of
two thousand dollars ($2,000), all of which is fully set out above.

From the foregoing statement of facts the defendant, Nellie W. Craw-
ford, contends that she is not liable to the plaintiff in any amount.

If the court from the foregoing facts is of the opinion that the plain-
tiff is entitled to judgment, then judgment to be given in her favor,
but if the court is of the opinion that said cause of action is barred as
to the defendant, Nellie W. Crawford, then judgment should be ren-
dered in her favor."

The note in controversy is as follows:

"$11,000.                          Smithfield, N. C., 14 May, 1920.

On or before 14 January, 1921, with interest from maturity, until
paid at the rate of 6 per cent per annum, interest payable annually,
we, promise to pay to Austin-Stephenson Company, Inc., or order, the
sum of $11,000, same being for value received.

This bond is secured by mortgage deed of even date herewith. It
is fully agreed and understood that in default of the payment of this
bond when due, either principal or interest, then the whole debt, as
evidenced by the other bonds of even date with this which mature later,
shall become due and collectible at once, and without demand on the
maker of this bond by the owner thereof.

Given under our hands and seals, this 14 May, 1920.

S. S. Holt.          (Seal.)
Nellie W. Holt.     (Seal.)

Endorsement:
      The Austin-Stephenson Company,
            By W. H. Austin, President."

The court below rendered the following judgment:

"This action came on to be heard at the present term of the court
before Hon. W. C. Harris, judge presiding, and is heard on the agreed
statement of facts found in the judgment roll of this action. It is now
on motion by the court ordered and adjudged:

That the plaintiff recover of the defendant, Mrs. Nellie W. Crawford,
the sum of four thousand dollars ($4,000), with interest thereon at
6 per cent per annum from 16 January, 1926, subject to credit of two
thousand dollars ($2,000), 1 February, 1927, and the costs of the action
taxed by the clerk of this court.

W. C. HARRIS, *Judge Presiding*."

Defendant Nellie W. Crawford duly excepted and assigned error to the judgment as rendered, and appealed to the Supreme Court.

*T. T. Torne for plaintiff.*
*Leon G. Stevens for defendant.*

CLARKSON, J. On 16 January, 1926, S. F. Austin executed to D. D. Odom his promissory note in the sum of $4,000. This note was given in renewal of a note executed 9 February, 1923. S. F. Austin has paid on the note $2,000. On 9 February, 1923, at the time that Austin executed the note to D. D. Odom, the Austin-Stephenson Company, to secure the payment of said note of Austin, assigned to D. D. Odom a note of $11,000 executed by S. S. Holt and wife, Nellie W. Holt, now Nellie W. Crawford, and secured by mortgage of even date on land of S. S. Holt. This Holt note was dated 14 May, 1920, and payable to Austin-Stephenson Company. It was due and payable on or before 14 January, 1921, and endorsed by the payee. The note of S. S. Holt and wife, Nellie W. Holt, has never been paid. S. S. Holt died in June, 1925.

It is contended by Nellie W. Holt (now Crawford) that she was surety for her husband S. S. Holt on the note under seal, which was known to the payee and the three-year statute of limitations which she pleaded is applicable. That the payee transferred the note after maturity to D. D. Odom, who took same subject to the defenses existing between the original parties to the note under seal. We think this contention correct.

C. S., 437, within 10 years an action (2) "Upon a sealed instrument against the principal thereto."

C. S., 441, within 3 years an action (1) "Upon a contract, obligation or liability arising out of a contract, express or implied," etc.

C. S., 437, (2) Is not applicable to actions against sureties. The use of the word "principal" and the omission of the word "sureties" clearly indicates this to be the intention of the General Assembly.

C. S., 441, (1) is applicable to sureties and the action against them is limited to 3 years. *Welfare v. Thompson,* 83 N. C., 276.

In the *Welfare case, supra,* citing numerous authorities, is the following: "We believe it is conceded that whenever it is proposed to prove that a co-promisor or co-obligor to a note or bond is surety only, the fact not appearing upon the face of the instrument, it is competent to show by parol that fact, and that the creditor knew at the time he received the note that he was a surety."

In *Goodman v. Litaker,* 84 N. C., at p. 10: "In the trial of the case of *Manley v. Boycott,* 75 E. C. L. Rep., 45, when counsel was urging

upon the court the right of the maker of a promissory note to show that he signed the instrument as surety only, Lord Campbell interposed the remark *that it must be shown that the note was so made with the knowledge of the payee; that allegation is indispensable.* Such a conclusion seems not only to address itself to our reason, but to be eminently just; and especially so under a system which like our own prescribes different periods for the protection of principals and sureties." *Redmon v. Pippen,* 113 N. C., 90; *Hunter v. Sherron,* 176 N. C., at p. 228; *Kennedy v. Trust Co.,* 180 N. C., 225; *Chappell v. Surety Co.,* 191 N. C., 703; *Adamson v. McKeon,* 65 A. L. R., 817, see annotation. See *Trust Co. v. York,* 199 N. C., 624.

In *Coffey v. Reinhardt,* 114 N. C., at p. 511, it is said: "When a suretyship is known to the original payee the surety is protected by the lapse of three years if the note is assigned after maturity, although the assignee takes without notice. *Capell v. Long,* 84 N. C., 17."

"In *Foster v. Davis,* 175 N. C., 541, it is said that if 'The wife promised to pay the debt of her husband when she signed the note she was a surety, and it was competent to prove the relationship by parol as between the parties, although she appeared to be a principal on the face of the note. *Williams v. Lewis,* 158 N. C., 574.' Indeed the equity of the precedents are so well settled that no citation of authorities or discussion of the principal is necessary." *Haywood v. Russell,* 182 N. C., at p. 713.

In *Blower Co. v. MacKenzie,* 197 N. C., at p. 158, the following principle is stated: "(2) If a wife joins her husband in the conveyance of her separate real estate to secure his debt or in the conveyance of his land, in which she has a right of dower, to secure his debt, the relation which she sustains to the transaction is that of surety; and if she survives him and the land is sold to satisfy the debt she becomes a creditor of his estate in an amount equal to the value of her dower. *Purvis v. Carstaphan,* 73 N. C., 575; *Gwathmey v. Pearce,* 74 N. C., 398; *Gore v. Townsend,* 105 N. C., 228." *Trust Co. v. Benbow,* 135 N. C., 312; *Foster v. Davis,* 175 N. C., 541. See *Royall v. Southerland,* 168 N. C., 405; *Taft v. Covington,* 199 N. C., 51.

No. 3 of the agreed statement of facts, is as follows: "That the said note and mortgage had been executed to the said Austin-Stephenson Company by S. S. Holt and wife, Nellie W. Holt, to secure an indebtedness of the said S. S. Holt, and that the lands covered by the mortgage were the individual property of the said S. S. Holt; that the said Nellie W. Holt had executed said note and mortgage in her capacity as wife of S. S. Holt to fully convey any contingent interest which she might have in the lands securing said note."

S. S. Holt and wife, Nellie W. Holt, executed the $11,000 note under seal to Austin-Stephenson Company, on 14 May, 1920, it was due and payable on or before 14 January, 1921, and on 9 February, 1923, this note was transferred and assigned by Austin-Stephenson Company to D. D. Odom, after the maturity of said note under seal. This action was instituted 24 September, 1928, against Nellie W. Crawford (formerly Holt), over three years after the maturity of the note under seal.

The payee Austin-Stephenson Company was presumed to know the law as interpreted by this Court, that the joining of the wife in the conveyance of her husband's land, in which she had the right of dower, to secure his debt, created the relation on her part of surety. The payee Austin-Stephenson Company, with this knowledge, transferred the note under seal after maturity to D. D. Odom. The payee had knowledge that Nellie W. Holt was a surety on the note which was transferred after maturity to D. D. Odom, therefore Nellie W. Holt has the right to set up any defenses that existed between her and the original payee Austin-Stephenson Company, although the note under seal was transferred to D. D. Odom without notice. The statement of facts, *supra*, is notice to payee that Nellie W. Holt was surety, but the note under seal was secured by mortgage of even date. By an examination of the mortgage the relationship of the parties could have been ascertained. *Bank v. Trust Co.*, 199 N. C., 582.

A familiar principle of the law of negotiable instruments is that one who takes negotiable paper when overdue is charged with notice of all then existing defenses in favor of any party to the paper who became such before maturity. Bigelow on Bills, Notes and Checks, 3d ed. sec. 483, p. 374; *Guthrie v. Moore*, 182 N. C., 24.

In *Capell v. Long, supra,* the following principle is laid down: "A negotiable note or bond executed by a principal and surety, which relation is known to the payee or obligee, and transferred after maturity for valuable consideration, is subject to all equities and defenses existing between the original parties, whether the transferee took with or without notice; therefore, if more than three years have elapsed between the maturity of a bond and action brought on the same, the surety may plead the statute in bar of recovery."

In *Sykes v. Everett,* 167 N. C., at p. 608, *Walker, J.,* in writing the opinion of the Court, says: "It may be added that plaintiffs acquired the notes by the assignment of them, after their maturity, and therefore, in law, with notice of all equities and other rights of the indorser, Everett, and consequently, in law, took subject to them. *Causey v. Snow,* 122 N. C., 326; *Bank v. Loughran,* 126 N. C., 814; *Taylor v. Lauer,* 127 N. C., 157; *Brooks v. Sullivan,* 129 N. C., 190." See *Brown v. Sheets,* 197 N. C., 268; 63 A. L. R., p. 1357.

Under the facts and circumstances of this case, Nellie W. Holt (now Crawford) had the right to set up the three-year statute of limitations as a defense to the note under seal on which plaintiff seeks to recover in this action. (1) The note under seal signed by S. S. Holt and his wife, Nellie W. Holt, was secured by a mortgage on the individual property of S. S. Holt, and Nellie W. Holt executed the note and mortgage in her capacity as wife of S. S. Holt to convey her dower interest in her husband's land. (2) Under the law in this jurisdiction, this made Nellie W. Holt a surety for her husband on the note under seal, signed by her, and the payee, Austin-Stephenson Company, was presumed to know the law that she was surety. (3) After maturity, Austin-Stephenson Company transferred the note under seal to D. D. Odom, who took the note subject to the defense that Nellie W. Holt had against the original payee Austin-Stephenson Company, that she was surety for her husband. The action was not brought against her in three years, it was therefore barred by the statute of limitations. For the reasons given the judgment of the court below is

Reversed.