A. P. FURR v. JOHN TRULL, W. A. BROWN, AND HENRY M. WINECOFF.

(Filed 22 November, 1933.)

1. **Trial F a—Form and sufficiency of issues.**

   Where the issues submitted by the trial court to the jury arise upon the pleadings and are sufficient in form to enable the parties to present to the jury all phases of the controversy, and the answers to the issues are sufficient, when taken with the admissions of the parties, to enable the court to proceed to judgment, an exception to the issues will not be sustained on appeal.

2. **Bills and Notes H c—Issues submitted in this action on note held sufficient.**

   Where from the admission of the parties in an action on a note the action would be barred by the statute of limitations if it should be determined that defendants were sureties on the note and not comakers, the submission of issues presenting solely whether each was a surety or comaker is sufficient.

3. **Bills and Notes C b—As between original parties it may be shown by parol that parties signed as sureties and not comakers.**

   In an action by the payee of a negotiable note under seal, appearing upon its face to have been signed by several makers, it may be shown upon the trial by parol evidence that with the knowledge of the payee before his acceptance only one of them signed as the original obligor, and that the others signed as sureties only, entitling the sureties to their release upon their defense of the statute of limitations. C. S., 441(1).

APPEAL by plaintiff from *Cowper, Special Judge,* at March Special Term, 1933, of CABARRUS. No error.

This action was begun on 13 June, 1932. It is alleged in the complaint that the defendants are indebted to the plaintiff in the sum of two hundred and thirty dollars, with interest from 1 March, 1927, for money loaned by plaintiff to the defendants, as evidenced by their promissory note, which is in words and figures as follows:

"$230.00. Concord, N. C., 1 March, 1927.

On demand after date for value received, I, we, or either of us, promise to pay to the order of A. P. Furr, two hundred thirty dollars, negotiable and payable at the Citizens Bank and Trust Company, Concord, N. C., with interest at the rate of six per cent per annum from maturity until paid, and the sureties and endorsers hereby waive protest, notice of protest and notice of nonpayment hereof, and guarantee the payment of this note at maturity or any time thereafter, and consent that the time of payment may be extended without notice thereof, and agree to remain bound for its payment until paid in full.

|  |  |
|---|---|
| John Trull. | (Seal.) |
| W. A. Brown. | (Seal.) |
| Henry M. Winecoff. | (Seal.) |

Witness: Geo. W. Prather."

The plaintiff demanded judgment that he recover of the defendants, and each of them, the sum of two hundred and thirty dollars, with interest from 1 March, 1927, and the costs of the action.

No answer was filed by the defendant, John Trull. The defendants, W. A. Brown and Henry M. Winecoff, in their answer, admit the execution by them of the note sued on; they deny that they or either of them is indebted to the plaintiff, as alleged in the complaint. They allege that each of said defendants signed the said note as a surety for the defendant, John Trull, and that at the time the said note was delivered to him, the plaintiff knew that they had so signed the said note. The said defendants plead the three-year statute of limitations in bar of plaintiff's recovery in this action and prayed judgment that plaintiff recover nothing of them, and that they go without day, and recover their costs.

At the trial, the answering defendants admitted the execution of the note offered in evidence by the plaintiff, and testified that they signed the said note as sureties of the defendant, John Trull, and that plaintiff knew at the time the said note was delivered to him that they and each of them had so signed the said note. The plaintiff offered evidence in contradiction of the testimony of the said defendants.

The issues submitted to the jury were answered as follows:

"1. Did the plaintiff, A. P. Furr, know before he received the note sued on and loaned the money, that W. A. Brown was a surety? Answer: Yes.

2. Did the plaintiff, A. P. Furr, know before he received the note sued on, and loaned the money, that Henry M. Winccoff was a surety? Answer: Yes."

From judgment that plaintiff recover of the defendant, John Trull, who failed to file an answer to the complaint, the sum of two hundred and thirty dollars, with interest from 1 March, 1927, and the costs of the action, and that plaintiff recover nothing of the defendants, W. A. Brown and Henry M. Winecoff, the plaintiff appealed to the Supreme Court.

*H. S. Williams and E. T. Bost, Jr., for plaintiff.*
*Hartsell & Hartsell for defendants.*

CONNOR, J. The issues submitted to the jury at the trial of this action arise upon the pleadings; they were sufficient in form to enable the parties to present to the jury their respective contentions both as to the law and as to the facts involved in the controversy between the parties out of which the action arose; and are sufficient, when considered in connection with the admissions of the parties in the pleadings and at the trial, to support the judgment. It has been held by this Court that where the issues submitted by the trial court to the jury arise upon the pleadings, are sufficient in form to enable the parties to the action to present to the jury all phases of the controversy between them, and when answered by the jury are sufficient to support a judgment, there is no ground for exception to the issues. *Bank v. Bank,* 197 N. C., 526, 150 S. E., 34, *Bailey v. Hassell,* 184 N. C., 450, 115 S. E., 166, *Potato Co. v. Jeanette,* 174 N. C., 236, 93 S. E., 795, *Power Co. v. Power Co.,* 171 N. C., 248, 88 S. E., 349, *McAdoo v. R. R.,* 105 N. C., 140, 11 S. E., 316. The exceptions to the issues submitted by the trial court to the jury in the instant case, over the objections of the plaintiff, and to the refusal of the court to submit the issue tendered by the plaintiff, cannot be sustained.

There was no error in the instructions of the court to the jury with respect to these issues. Assignments of error based on exceptions to these instructions are not sustained. The contentions of the parties both as to the law and as to the facts involved in these issues were fully and fairly submitted by the court to the jury, and the judgment in this action must be affirmed, unless, as contended by the plaintiff in this Court, there was error in overruling his objections to parol evidence

offered by the defendants in support of their contention that each of them signed the note sued on as a surety for the defendant, John Trull, and that plaintiff knew, when he received the said note and loaned the money, that the defendants had so signed the note.

In *Welfare v. Thompson*, 83 N. C., 276, it is said by *Ashe, J.,* that the authorities are very uncertain and conflicting upon the question whether or not it may be shown by parol that a joint promisor or obligor was in fact a surety. "Some of the authorities hold that in law it cannot be done, but is a defense available in equity, and the proof is admissible whenever equitable pleas are allowed in courts of law, and especially in our system, where the distinctions between actions at law and suits in equity are abolished." It is held in that case that parol evidence is admissible to show that a party to a note, although on its face a comaker or coöbligor, is in fact a surety, and that when such fact is known to the payee or holder at the time he accepts the note, the party is liable only as a surety. This principle is now well settled as the law of this State. *Barnes v. Crawford*, 201 N. C., 434, 160 S. E., 464, and cases cited in the opinion in that case. There was no error in the admission of parol evidence at the trial of this action tending to sustain the contentions of the defendants. On the facts admitted in the pleadings, the action is barred as against the answering defendants, although they signed the note under seal. C. S., 437, C. S., 441(1). *Barnes v. Crawford, supra.* These defendants were liable to the plaintiff as sureties, and not as guarantors. The words in the note by which the parties guarantee its payment do not affect their liability, as principal and sureties, respectively. *Rouse v. Woolen,* 140 N. C., 557, 53 S. E., 430. The judgment is affirmed.

No error.