W. L. DAVIS, EXECUTOR OF J. M. DAVIS, DECEASED, v. F. B. ALEXANDER, D. E. TURNER, AND J. W. VAN HOY, ADMINISTRATOR OF C. M. ALEXANDER, DECEASED.

(Filed 12 December, 1934.)

**1. Bills and Notes C a—As against payee, person signing note as maker may show he signed same as surety to knowledge of payee.**

As between the payee of a negotiable note and the signers thereof, a person signing his name on the face of the note may prove by parol evidence that to the knowledge of the payee he signed the same as surety and not maker, C. S., 2977, 3041, and the answer in this case, broadly construed, *is held* sufficient to allege the indispensable allegation that plaintiff payee knew that defendant signed the note as surety.

**2. Limitation of Actions A c—Action against surety on note is barred in three years.**

An action on a note under seal against a surety thereon is barred after the lapse of three years from the maturity of the note, or after three years from the expiration of an extension of time for payment binding on the surety. C. S., 441 (1).

**3. Limitation of Actions C a—Payment by maker after action against surety is barred will not repeal bar of statute as to surety.**

After the statute of limitations has barred the right of action by the payee of a negotiable note against the surety thereon, payment on the note by the maker thereof operates as a renewal only as to the maker, and does not repeal the bar of the statute as to the surety. C. S., 417.

**4. Limitation of Actions E c—**

Where defendant pleads the statute of limitations, the burden is on plaintiff to show that his action is not barred.

14—207

DAVIS *v.* ALEXANDER.

APPEAL by D. E. Turner from *Harding, J.,* at May Term, 1934, of
IREDELL.    Reversed.

The plaintiff, executor of J. M. Davis, deceased, brought this action
against the defendants to recover $1,008.00, with interest from 1 January,
1933, on the following note: "800.00.    Mooresville, N. C., 1 January,
1923.    Twelve months after date, without grace, for value received, we,
or either of us, promise to pay to the order of C. M. Davis, Executor
J. M. Davis, eight hundred and no/100 dollars, negotiable and payable
at the First National Bank of Mooresville, N. C., with interest at six
per cent per annum until paid.    The drawers and endorsers severally
waive presentment for payment, and notice of protest, and nonpayment
of this note, all defenses on the ground of any extension of the time of
its payment that may be given by the holder or holders to them, or either
of them.    F. B. Alexander (Seal), C. M. Alexander (Seal), D. E.
Turner (Seal).

"No.......... ....    Due 1 January, 1924.    P. O., Mooresville, N. C."    The
following credits appear on the back of said note: "Received from F. B.
Alexander interest to date, 1 January, 1924.    Received interest to date,
1 January, 1925.    Received interest from F. B. Alexander.    Interest on
note for 1926.    Received of F. B. Alexander $50.00 Fifty Dollars on
interest 3-3-30.    Received $30.00 on interest 2-3-31."

The issue submitted to the jury and their answer thereto was as
follows: "Are the defendants indebted to the plaintiff, and if so, in what
amount?    A. $1,008.00, with interest from 1 January, 1933."

The court below charged the jury, in part, as follows: "The plaintiff
has offered the note in evidence, together with the credits thereon.    The
defendant has pleaded the statute of limitations.    Now counsel for the
defendant tell the court in the trial of this case, at the conclusion of the
evidence, that if the plaintiff's right to recover against the defendant is
not barred by the three-year statute of limitations, that you may answer
the issue, $1,008.00, with interest from 1 January, 1933.    The defend-
ant has offered no evidence; it is not required to do so; therefore, the
court charges you, gentlemen of the jury, upon all the evidence, if you
believe it to be true, it would be your duty to answer the issue, $1,008.00,
with interest from 1 January, 1933."

The material exceptions and assignments of error made by defendant
D. E. Turner are to the judgment as signed and overruling his demurrer
to the evidence and for motion for judgment as of nonsuit at the close
of plaintiff's testimony.    The defendant D. E. Turner duly made excep-
tions and assignments of error, and appealed to the Supreme Court.

*Buren Jurney for plaintiff.*
*Grier, Joyner & Harlness for D. E. Turner.*

CLARKSON, J.   The defendant D. E. Turner introduced no evidence, and at the close of plaintiff's evidence made a motion in the court below for judgment as in case of nonsuit.   C. S., 567.   This motion was over-ruled, and in this we think there was error.

The note in controversy was dated 1 January, 1923, due at twelve months, payable to plaintiff's testator, under seal and signed by F. B. Alexander, C. M. Alexander, and D. E. Turner, for $800.00.

F. B. Alexander paid the interest up to 1 January, 1927, and as to these payments being made within three years, there is no question by defendant Turner as to the statute of limitation.   The defendant Turner (1) contended he was surety on the note under seal.   (2) As to him, it is barred by the three-year statute of limitation.   The credit of $50.00 on the note, 5 March, 1930, was over three years from the previous payment of the note on which the interest was paid to 1 January, 1927.   The present suit was instituted on 12 January, 1933.

The questions involved: Was the note under seal signed by D. E. Turner, under the facts and circumstances of this case, barred by the three-year statute of limitations?   We think so.

Did a payment made by the maker of a note under seal, after three years, operate as a renewal to a surety on the note?   We think not, under the facts and circumstances of this case.

N. C. Code, 1931 (Michie), sec. 2977, is as follows: "The person primarily liable on an instrument is the person who by the terms of the instrument is absolutely required to pay the same.   All other parties are secondarily liable."

C. S., 3041, is as follows: "The maker of a negotiable instrument by making it engages that he will pay it according to its tenor, and admits the existence of the payee and his then capacity to endorse."

In *Howell v. Roberson,* 197 N. C., 572 (573-574), it is written, citing numerous authorities: "Under the law in this jurisdiction, all three who signed the note were joint makers and may be so held by the payee or holder of the note.   C. S., 2977, 3041.   As among themselves, they may ordinarily show by parol their respective liability to each other on the note.   Coprincipals and cosureties are presumed to assume equal liability, but this presumption may be rebutted by parol evidence."   *Trust Co. v. York,* 199 N. C., 625; *Stanley v. Parker, ante,* 159.

In *Williams v. Glenn,* 92 N. C., 253 (255-256), is the following: "In *Robinson v. Lyle,* 10 Barb. (N. Y.), 512, it was held that 'as between the makers of a promissory note and the holders, all are alike liable, all are principals; but as between themselves, their rights depend upon other questions, which are the proper subject of parol evidence.   On the trial of an action, therefore, between the signers of such a note, it is right to receive extrinsic proof to show which of the parties signed the

note as principal and which as sureties.' To the same effect is *Sisson v. Barrett,* 2 Comst., 406.

"The distinction is this: As between the makers and payee of a note, it is made for the purpose of being the proof of the contract, and is the exclusive proof of the contract, and cannot be contradicted by extrinsic proof. The only exception to this rule is in the class of cases like *Welfare v. Thompson* (83 N. C., 276), and the other cases of that character cited above. But as between the signers, it was not made or intended to be exclusive proof of the agreement or relation between them. That may be shown by parol proof. . . . The fact is not overlooked that the decisions cited are mostly upon matters arising upon promissory notes. But the same reasons apply with equal force to sealed instruments." Citing numerous authorities, 65 A. L. R., 823.

In *Welfare v. Thompson, supra,* at p. 278, citing authorities, the exception is as follows: "We believe it is conceded that whenever it is proposed to prove that a copromisor or coöbligor to a note or bond is surety only, the fact not appearing upon the face of the instrument, it is competent to show by parol that fact, and that the creditor knew at the time he received the note that he was surety." *Hunter v. Sherron,* 176 N. C., 226 (228); *Kennedy v. Trust Co.,* 180 N. C., 225 (229); *Haywood v. Russell,* 182 N. C., 711 (713); *Chappell v. Surety Co.,* 191 N. C., 703 (708); *Taft v. Covington,* 199 N. C., 51; *Barnes v. Crawford,* 201 N. C., 434; *Furr v. Trull,* 205 N. C., 417.

The periods provided for the commencement of actions relative to this controversy are as follows: C. S., 437, within ten years. (2) "Upon a sealed instrument against the principal thereto."

C. S., 441, is as follows: "Within three years an action—(1) Upon a contract, obligation, or liability arising out of a contract, express or implied, except those mentioned in the preceding sections."

In an action between sureties to a note, as between themselves, this can be shown by parol. *Gillam v. Walker,* 189 N. C., 189. So as to an endorser, *Dillard v. Mercantile Co.,* 190 N. C., 225, in these cases, the three-year statute of limitation applies. See *Waddell v. Hood, Comr., ante,* 250.

The present action is brought by plaintiff against the makers of the note under seal. The contract as written must ordinarily abide between the parties, but it can be shown by parol that a maker was a surety, known to the payee.

In the answer of defendant D. E. Turner it may be broadly construed that he set up the fact that plaintiff's testator knew that he signed the note as surety, that allegation is indispensable. *Manley v. Boycott,* 75 E. C. L., Rep. 45, cited in *Barnes v. Crawford, supra,* at pp. 437-8.

In plaintiff's reply he says: "That the defendant D. E. Turner, when he signed said note as surety for F. B. Alexander, expressly waived all

defenses on the ground of any extension of the time of the payment of said note that might be given by the holder or holders to the maker, or either of the parties to said note, as fully set forth on the face of said note." The payments were made by F. B. Alexander. There is no evidence of any definite extension of time. The defendant introduced no evidence.

The plaintiff introduced the note under seal, and also the following: "That on or about 1 July, 1923, the defendant F. B. Alexander, being indebted to the estate of J. M. Davis, deceased, in the sum of $800.00, made, executed, and delivered renewal note to the said C. M. Davis, one of the executors in the estate of J. M. Davis, deceased, his promissory note under seal, and due and payable twelve months after date, drawing interest at the rate of six per centum per annum from date until paid; that said note was signed on the face of said note under the principal's name by C. M. Alexander and D. E. Turner, as sureties.

"This portion of paragraph one of the defendant's further answer and defense: 'That he signed the note set out in the fifth paragraph of the complaint as surety for the said F. B. Alexander.' "

N. C. Code, 1931 (Michie), sec. 417, is as follows: "No act, admission, or acknowledgment by partner after the dissolution of the copartnership, or by any of the makers of a promissory note or bond after the statute of limitations has barred the same is evidence to repel the statute, except against the partner or maker of the promissory note or bond doing the act or making the admission or acknowledgment."

N. C. Practice and Procedure in Civil Cases (McIntosh), sec. 134, pp. 126-127, is as follows: "Where there are several persons bound for the same obligation, as partners, surety, and principal, or joint debtors, and a new promise or payment is made by one, the rule as to its effect upon the liability of the others has not been uniform. In some cases it has been held that it would affect only the person making it; in others, that it would affect all; and in others, that it would affect all only when made while the obligation was still in force.

"In this State it was held that, in the case of partners and other joint obligors, the act of one would bind all, until the act of 1852, which is also the present law, provided that no act or acknowledgment of a partner after the dissolution of the partnership, or of any of the makers of a note or bond after the statute of limitations has barred the same, shall be evidence to repel the statute, except as against the person doing the act or making the acknowledgment. Under this statute, no new promise or a payment by a partner, after the dissolution of the partnership, will have any effect to bind the other partners.

"As to coöbligors on a note, it was held that a payment by one before the debt was barred would extend the time as to the other, but a promise

to pay would not have that effect. This rule as to payment has been applied to all coöbligors who come within the same class as original makers of the instrument, having a community of interest and a common obligation. A payment by a principal or surety, before the debt is barred, will continue the obligation as to both. But the rule would not apply to obligors in different classes, as endorsers and makers. Under a former statute, endorsers were made liable as sureties, and a payment by the principal extended the liability of the endorser; but this has been changed by the Negotiable Instrument Law, and a payment by the principal will not affect the endorser." *Houser v. Fayssoux*, 168 N. C., 1, is not contrary to the position here taken.

Where defendant pleaded the statute of limitations, plaintiff had burden to show that action was timely commenced or otherwise was not barred. *Marks v. McLeod*, 203 N. C., 257; *Moore v. Charlotte*, 204 N. C., 37; *Wilkes County v. Forester*, 204 N. C., 163; *Drinkwater v. Western Union Tel. Co.*, 204 N. C., 224; *Aldridge v. Dixon*, 205 N. C., 480.

From the statute above quoted, C. S., 417, a payment made by the maker of the note under seal, F. B. Alexander, after the bar of the statute operates as a renewal as to himself only. It was alleged by plaintiff, and admitted, that D. E. Turner was a surety on the note under seal, and known to plaintiff's testator, therefore the three-year statute was applicable. See *Bank v. Hessee, ante*, 71; *Piano Co. v. Loven, ante*, 96.

For the reasons given, the judgment of the court below must be

Reversed.