### NORTH CAROLINA BANK AND TRUST COMPANY v. J. F. WILLIAMS ET AL.

(Filed 22 May, 1935.)

**1. Limitation of Actions A d—**

   The ten-year statute of limitations, C. S., 437, applies to actions upon sealed instruments against the principals thereon, but not against the sureties.

**2. Limitation of Actions C b—Assignee held not entitled to peremptory instruction, based upon resolution executed by principal and sureties to third person, that action on the instrument was not barred.**

   Where it appears that an action upon a sealed instrument was instituted more than three years after the accrual of the cause of the action, and plaintiff, the assignee of the instrument, relies on a resolution of the corporate principal and the individual sureties, executed to a third person less than three years prior to the institution of the action, which resolution stated that the parties to the instrument agreed to remain bound thereon, a peremptory instruction in favor of plaintiff assignee on the issue of the bar of the statute is error, certainly as to one or more of the sureties, it appearing that one surety did not sign the resolution, and that another did not sign it individually.

APPEAL by defendants from *Barnhill, J.,* at December Term, 1934, of DUPLIN.

Civil action to recover on indemnity bond given by the Bank of Rose Hill, as principal, and its directors, as sureties, to the Bank of Duplin, and assigned to the North Carolina Bank and Trust Company as collateral security.

Several defenses were interposed, including a plea of the three-year statute of limitations, which latter plea, being a plea in bar, was tried before a jury, and resulted in a directed verdict for plaintiff; whereupon the cause was referred to a referee under the Code.

From the trial before the jury on the plea in bar, the defendants appeal, assigning errors.

*Bryan & Campbell and George R. Ward for plaintiffs.*

*R. D. Johnson, Beasley & Stevens, Oscar B. Turner, and Ward & Ward for defendants.*

STACY, C. J. This is the same case that was before us on demurrer at the Fall Term, 1931, reported in 201 N. C., 464, 160 S. E., 484, opinion filed 14 October, 1931.

The present record is not in very satisfactory shape, but, as we understand it, the jury finds that the losses, if any, incurred by the Bank of Duplin in the liquidation of the assets of the Bank of Rose Hill were sustained prior to 20 April, 1928. This action was instituted 21 April, 1931.

The bond in suit was executed 15 July, 1926. It seems to have been assumed that it was under seal, both as to the principal and the sureties, but there is neither admission nor finding to this effect as to the sureties. *Welfare v. Thompson,* 83 N. C., 276; *Williams v. Turner, ante,* 202.

The ten-year statute, C. S., 437, applies to actions upon sealed instruments against the principals thereto, and not against the sureties. *Welfare v. Thompson, supra; Redmon v. Pippen,* 113 N. C., 92, 18 S. E., 50.

On 27 September, 1928, the Bank of Rose Hill and its board of directors, by resolution, requested the North Carolina Corporation Commission to proceed to take possession of its assets and liquidate the same under the banking laws of the State, and, in the same resolution the principal and sureties to the indemnity bond executed to the Bank of Duplin on 15 July, 1926, agreed "to remain bound and liable on the said indemnity bond until the Bank of Duplin shall have been reimbursed for the money advanced by it," etc. The defendant Maury Ward did not sign this resolution. Nor does J. C. Williams appear to have signed it individually.

The assignment to the plaintiff of the original bond was upheld as against a demurrer (201 N. C., 464), but whether the assignee can claim any benefit from this resolution was not presented or considered.

There was error in the peremptory instruction, certainly as to one or more of the defendants.

New trial.