NORMAN L. FLIPPEN, EXECUTOR, v. R. A. LINDSEY ET AL.

(Filed 25 February, 1942.)

**1. Bills and Notes § 26—Evidence aliunde held competent upon defenses of failure and want of consideration and bar of statute of limitations.**

In this action by the personal representative of the deceased payee against husband and wife who signed a note on its face, defendants set up want of consideration as to them, failure of consideration and no adoption of the word "seal" set opposite their names, the bar of the three-

year statute of limitations, and the male defendant alleged that he signed the note as surety and not as principal, which was well known to the payee at the time. Defendants sought to introduce record evidence tending to show that the note was a part of a larger transaction, of which the payee had notice, involving a payment in part of the mortgage indebtedness of the father of the *feme* defendant and a transfer of the balance to his two daughters. *Held:* The record evidence was competent upon the defenses invoked.

**2. Bills and Notes § 9c—**

As against the payee or his personal representative it is competent to show by evidence *aliunde* that one, ostensibly a joint promisor or obligor, is in fact a surety.

**3. Limitations of Actions § 2e—**

The three-year statute of limitations, C. S., 441, is applicable to sureties on sealed instruments as well as on instruments not under seal.

**4. Evidence § 32—**

While testimony as to personal transactions with the deceased payee of a note would be incompetent to establish defenses to the note over the objection of the personal representative of the payee, record evidence tending to establish such defenses is not precluded by the statute. C. S., 1795.

APPEAL by defendants from *Stevens, J.,* at November Term, 1941, of EDGECOMBE.

Civil action against R. A. Lindsey and Senora Wilson Lindsey, his wife, to recover on promissory note in words and figures as follows:
"$1,606.88                                    TARBORO, N. C.
                                                  July 1, 1929

Three years after date we promise to pay to the order of John B. Wood One Thousand, Six Hundred, Six and 88/100 Dollars with interest from date at six per centum per annum, payable annually. Value received.

R. A. LINDSEY          (Seal)
SENORA WILSON LINDSEY   (Seal)
R. L. BEALL            (Seal) ·
WILLIE WILSON BEALL    (Seal)"

Execution of the note is admitted by the defendants. They set up in defense, however, want of consideration as to them, failure of consideration and no adoption of the word "seal" set opposite their respective names. The defendant, R. A. Lindsey, also alleges that he signed the note as surety, and not as principal, which was well known to the payee at the time. Both defendants plead the three-year statute of limitations, C. S., 441. This action was instituted 31 May, 1940.

The defendants sought to show by record evidence that the note in suit was but a part of a larger transaction, of which John B. Wood had

notice, and that the only one who profited from the note in suit was Claude Wilson, father of the *feme* defendant. This evidence was excluded. Exception. The entire transaction involved a payment in part of Claude Wilson's mortgage indebtedness to the Tarboro Building & Loan Association and a transfer of the balance to his two daughters, Willie Wilson Beall and Senora Wilson Lindsey, signers of the note in suit.

There was a verdict for the plaintiff and judgment against the defendants, jointly and severally, from which they appeal, assigning errors.

*H. H. Philips for plaintiff, appellee.*
*George M. Fountain for defendants, appellants.*

STACY, C. J. We think the record evidence which tends to show the whole transaction, the relationship of the parties, their interests in the matter, and to fix the payee with notice thereof, is competent as bearing upon the defenses of want of consideration, failure of consideration, suretyship and the statute of limitations. *Barnes v. Crawford,* 201 N. C., 434, 160 S. E., 464.

It is permissible to show by evidence *aliunde* that one, ostensibly a joint promisor or obligor, is in fact a surety. *Insurance Co. v. Morehead,* 209 N. C., 174, 183 S. E., 606; *Davis v. Alexander,* 207 N. C., 417, 177 S. E., 417. The three-year statute of limitations, C. S., 441, is applicable to sureties on sealed instruments as well as on instruments not under seal. *Furr v. Trull,* 205 N. C., 417, 171 S. E., 641; *Redmond v. Pippen,* 113 N. C., 90, 18 S. E., 50; *Welfare v. Thompson,* 83 N. C., 276. See *Trust Co. v. Clifton,* 203 N. C., 483.

Of course, in an action by the personal representative of the payee in a note to enforce its collection, C. S., 1795, unless waived, would exclude evidence of personal transactions or communications between an interested party and the deceased. *Stocks v. Cannon,* 139 N. C., 60, 51 S. E., 802. The exclusion of the record evidence in the instant case, however, seems to have gone beyond the limitations of the "dead man's statute," C. S., 1795.

It appears that the defendants are entitled to a new trial. It is so ordered.

New trial.