H. J. LEE v. M. W. CHAMBLEE.

(Filed 5 May, 1943.)

1. Trial § 22b: Bills and Notes § 27—

In a suit on a note, which appears to be under seal with defendant and another as joint makers or joint obligors, plaintiff makes out a prima facie case by offering the note, and motion for nonsuit should have been denied.

2. Limitation of Actions § 16—

The plea of the statute of limitations casts upon plaintiff the burden of showing that the suit was commenced within the requisite time from the accrual of the cause of action, or that otherwise it is not barred.

3. Limitation of Actions §§ 2a, 2e, 16—

Where plaintiff offered in evidence a note, apparently executed by defendant and another as joint obligors, with the word "seal" in brackets opposite the name of each, nothing else appearing, this would repel the three-year statute of limitations, C. S., 441, as sealed instruments against principals are not barred until lapse of ten years. C. S., 437.

4. Bills and Notes §§ 23, 26: Principal and Surety § 17½—

It is permissible to show by evidence aliunde that one, ostensibly a joint promisor or obligor, is in fact a surety.

5. Limitation of Actions § 2e—

The three-year statute of limitations, C. S., 441, is applicable to sureties on seal instruments as well as on instruments not under seal.

APPEAL by plaintiff from Burney, J., at February Term, 1943, of WAKE.

Civil action to recover on promissory note.

Plaintiff alleges and offered evidence tending to show that she is the owner and in possession of a $5,000.00 promissory note, dated 30 November, 1931, due and payable to The Commercial National Bank, or order, thirty days thereafter, ostensibly under seal and signed by C. H. Chamblee and the defendant, M. W. Chamblee, apparently as joint promisors.

The defendant alleges that he signed the note in suit without any consideration as to him and solely "as an accommodation surety," all

to the knowledge of the agents of the payee at the time of its execution; and further, that there was no adoption of the word "Seal" set opposite the name of the maker, C. H. Chamblee, and the defendant who signed only as surety. The note contains no recital of a seal. The defendant pleads the three-year statute of limitations. C. S., 441. This action was instituted 29 December, 1941.

From judgment of nonsuit entered at the close of plaintiff's evidence, she appeals, assigning errors.

*J. M. Templeton and Simms & Simms for plaintiff, appellant.*
*Bunn & Arendell for defendant, appellee.*

STACY, C. J.   The plaintiff rested her case upon offering the note, which appears to be under seal, with the defendant and another as joint makers or joint obligors. This was sufficient to defeat the motion for nonsuit. *Allsbrook v. Walston,* 212 N. C., 225, 193 S. E., 151, and cases cited.

True, the plea of the statute of limitations cast upon the plaintiff the burden of showing that her suit was commenced within the requisite time from the accrual of the cause of action, or that otherwise it was not barred. *Drinkwater v. Tel. Co.,* 204 N. C., 224, 168 S. E., 410; *Savage v. Currin,* 207 N. C., 222, 176 S. E., 569. The plaintiff offered in evidence a note apparently executed by the defendant and another as joint obligors, with the word "Seal" in brackets opposite the name of each ostensible maker. Nothing else appearing, this would repel the three-year statute of limitations, C. S., 441, as sealed instruments against the principals thereto are not barred until the lapse of ten years. C. S., 437; *Currin v. Currin,* 219 N. C., 815, 15 S. E. (2d), 279.

It is permissible to show by evidence *aliunde* that one, ostensibly a joint promisor or obligor, is in fact a surety. *Flippen v. Lindsey,* 221 N. C., 30, 18 S. E. (2d), 824; *Ins. Co. v. Morehead,* 209 N. C., 174, 183 S. E., 606; *Davis v. Alexander,* 207 N. C., 417, 177 S. E., 417. The three-year statute of limitations, C. S., 441, is applicable to sureties on sealed instruments as well as on instruments not under seal. *Furr v. Trull,* 205 N. C., 417, 171 S. E., 641; *Redmond v. Pippen,* 113 N. C., 90, 18 S. E., 50; *Welfare v. Thompson,* 83 N. C., 276. See *Trust Co. v. Clifton,* 203 N. C., 483, 166 S. E., 334; *Currin v. Currin, supra.*

However, in the instant case, we are dealing with a nonsuit entered at the close of plaintiff's evidence. Considered in its most favorable light, it is sufficient to carry the case to the jury.

On the further hearing, the defendant will have an opportunity to offer evidence in support of his defense.

Reversed.